**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60873
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVAN DOSS, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CR-5-LS
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Evan Doss, Jr., appeals the revocation of his supervised
release from his underlying conviction for conspiracy to commit
bankruptcy fraud and fraudulent transfer of assets.  He argues
that the district court erroneously concluded that he failed to
make genuine efforts to obtain employment and make restitution
payments and that he failed to explain adequately his reported
income of a $1,000 consultant fee.  After reviewing the record,
we conclude that the evidence was sufficient to show by a
preponderance of the evidence that Doss violated his supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release, and the district court did not abuse its discretion. See United States v. Grandlund, 71 F.3d 507, 509 (5th Cir. 1995); United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995).

Doss also argues that his right to confrontation was violated by the admission of hearsay testimony from his probation officer. Because Doss did not object to the testimony in the district court, our review is for plain error. See United States v. Ferguson, 369 F.3d 847, 849 (5th Cir. 2004); see also United States v. Olano, 507 U.S. 725, 731-37 (1993). Due process affords Doss the right to confront and cross-examine adverse witnesses unless there is a specific finding of good cause for not allowing confrontation. Morrissey v. Brewer, 408 U.S. 471, 489 (1972); McCormick, 54 F.3d at 221. Because we conclude that the challenged hearsay testimony was not the only evidence supporting the revocation of Doss's supervised release, Doss cannot show that the confrontation violations, if any, affected his substantial rights and constituted plain error. See Olano, 507 U.S. at 734; McBride v. Johnson, 118 F.3d 432, 438 (5th Cir. 1997).

Finally, Doss argues that the district court erroneously prevented him from attacking the underlying restitution order during the revocation proceeding. The district court did not err. See United States v. Holland, 850 F.2d 1048, 1050 (5th Cir. 1988); United States v. Irvin, 820 F.2d 110, 111 (5th Cir. 1987).

The district court's judgment is AFFIRMED.