[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 23, 2007
THOMAS K. KAHN
CLERK

No. 06-13936
Non-Argument Calendar
_____

D. C. Docket No. 04-00072-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTIS BELSER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 23, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Otis Belser appeals the revocation of his supervised release pursuant to 18 U.S.C. § 3583(e). On appeal, he argues that the government presented hearsay evidence at his revocation hearing, and that the district court erred by failing to

engage in the balancing test of <u>United States v. Frazier</u>, 26 F.3d 110 (11th Cir. 1994). Belser raises this claim for the first time on appeal -- thus, his argument, in essence, is that the district court should have engaged in the balancing test <u>sua sponte</u>, that is, absent any objection by Belser. After careful review, we affirm.

Because Belser raises this claim of evidentiary error for the first time on appeal, we review it for plain error only. <u>United States v. Baker</u>, 432 F.3d 1198, 1202 (11th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1809 (2006); <u>see also</u> <u>United States v. Siddiqui</u>, 235 F.3d 1318, 1322 (11th Cir. 2000) (holding that, in the absence of a contemporaneous objection below, hearsay claims are reviewed for plain error); <u>United States v. Calderon</u>, 127 F.3d 1314, 1334 (11th Cir. 1997) ("As an evidentiary matter, a contemporaneous objection was required to allow the district court the opportunity to correct any error that may have existed.").

To demonstrate plain error, the defendant must show that there is "(1) error, (2) that is plain and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>United States v. Monroe</u>, 353 F.3d 1346, 1349 (11th Cir. 2003) (internal quotations and citations omitted). On the second prong, an error cannot be plain unless the error is "clear under current law." <u>United States v.</u>

Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000). Where neither the U.S. Supreme Court, nor this Court has resolved an issue, that issue cannot be the subject of plain error. Id. The plain error test is "difficult to meet," and its purpose is "to enforce the requirement that parties object to errors at trial in a timely manner so as to provide the trial judge an opportunity to avoid or correct any error, and thus avoid the costs of reversal." United States v. Sorondo, 845 F.2d 945, 948-49 (11th Cir. 1988) (internal quotation and citation omitted).

We have held that, although the Federal Rules of Evidence are inapplicable to supervised-release revocation hearings, "the admissibility of hearsay is not automatic." Frazier, 26 F.3d at 114. Because defendants in revocation proceedings "are entitled to certain minimal due process requirements," before admitting hearsay testimony, a district court must conduct a balancing inquiry, weighing the defendant's "right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." Id.

Our holding in Frazier was made in the context of hearsay evidence to which the defendant had lodged a contemporaneous objection, and on which both parties submitted briefs on the matter to the district court. Here, by contrast, Belser raised no objection to the testimony in the district court and, therefore, the government did not have the opportunity to assert reasons for denying confrontation.

3

Accordingly, the district court had no reason to engage in a balancing of Belser's confrontation rights and the government's proffered reasons for denying confrontation, as contemplated by Frazier.  Cf. United States v. Stanfield, 360 F.3d 1346, 1359-60 (D.C. Cir. 2004) (holding that balancing test is not required where the defend  ant fails to object).  On this record, the district court's failure to engage in a sua sponte analysis was not error.  Moreover, even if error, such an error would not be plain since neither this Court nor the Supreme Court requires such a sua sponte analysis and, therefore, the error would not be "clear under current law," as it must to constitute plain error.  See Aguillard, 217 F.3d at 1321. Belser has not met his burden under either the first prong or the second prong of the plain error test, and, accordingly, he has not shown plain error.[1]

**AFFIRMED.**

---

[1]Given our conclusion on the first two prongs, we need not reach the other prongs of the plain error test.  See United States v. King, 73 F.3d 1564, 1572 (11th Cir. 1996) ("We need not discuss the entire plain error test because the second prong of the test --that the alleged error be plain -- is not met.").