United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41563
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

METOYER HUGHES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:03-CR-16-ALL
--------------------

Before REAVLEY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Metoyer Hughes appeals the district court's judgment revoking his supervised release and the imposition of a 24-month sentence to run consecutively to any state sentence. Finding no error, we affirm.

Hughes pleaded true to three violations of his supervised release conditions but contested the two revocation charges based on state law offenses. For the first time, Hughes contends that he was denied his right to confront and question adverse witnesses when the district court allowed Sgt. Richard Morales to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

testify regarding information he received from a confidential informant.  That information led to a search of an apartment and ultimately to Hughes's arrest on state charges of possession of a controlled substance with intent to distribute in a drug-free zone and three counts of child endangerment.  These state charges formed the basis of the two contested supervised release violations.

Hughes asserts that before allowing Sgt. Morales to testify regarding the confidential informant's statements, the court was required to conduct a balancing test to determine whether there was good cause for not requiring the informant to testify.  See United States v. McCormick, 54 F.3d 214, 221 (5th Cir. 1995) (setting out test).  As Hughes concedes, because he did not object to Sgt. Morales's testimony on this basis in the district court, our review is limited to plain error, which requires a showing of error that is clear or obvious and affects substantial rights.  See United States v. Alaniz-Alaniz, 38 F.3d 788, 791 (5th Cir. 1994).  Even if all three prongs are met, we will not exercise our discretion to correct the error unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

We need not decide whether the district court's failure to conduct the balancing test sua sponte constitutes clear or obvious error as we are satisfied by our review of the record that any error there may have been did not affect Hughes's

substantial rights. First, whether Hughes would have prevailed if the court had conducted the balancing test is speculative at best. In any case, even without the contested hearsay testimony, there was sufficient other evidence to find that Hughes committed the state drug and child endangerment offenses for purposes of revocation.

Independent evidence, including an insurance policy for Hughes's motorcycle listing the apartment as his address, photographs of Hughes at the apartment, and Sgt. Morales's own observations of Hughes and his vehicles at the apartment complex, established that Hughes lived at the apartment in question. Quantities of cocaine and marijuana were found in the apartment along with a firearm, ammunition, and measuring equipment. Further, Hughes's minor children were in the apartment alone and unsupervised. Under the applicable preponderance of the evidence standard, see 18 U.S.C. § 3583(e)(3), the evidence supported the district court's determination that Hughes violated the subject conditions of supervised release. Accordingly, Hughes has failed to demonstrate that any error there may have been in allowing the hearsay testimony without conducting the required balancing test affected his substantial rights. See United States v. Olano, 507 U.S. 725, 734 (1993); United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005).

Hughes also argues that the district court erred in ordering that his sentence run consecutively to any as-yet-unimposed

sentence in the state proceedings.  Again, we review for plain error.  As Hughes concedes, his argument is foreclosed by United States v. Brown, 920 F.2d 1212, 1217 (5th Cir. 1991).  He raises the issue here only to preserve it for possible further review.

For the foregoing reasons, the judgment of the district court is AFFIRMED.