994 So.2d 468 (2008)
Jermaine Damon THOMPSON, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 3D06-1895, 3D06-1889.
District Court of Appeal of Florida, Third District.
November 5, 2008.
*469 Bennett H. Brummer, Public Defender, and Maria E. Lauredo, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Rolando A. Soler, Assistant Attorney General, for appellee.
Before RAMIREZ, WELLS, and SALTER, JJ.
SALTER, J.
Jermaine Damon Thompson appeals the revocation of his probation and the sentence he received as a result. We affirm.
Thompson was on probation for crimes he committed in 1994. In 2004, he was arrested and charged with, among other violations, the attempted murder of a police officer and possession of a firearm by a convicted felon.
Thompson and a co-defendant, Louise Desusa, were in a car rented by Thompson. Desusa drove, and Thompson was identified by the victim (an officer surveilling the defendants, their car, and the crime scene before shots were fired from the car). The officer testified at Thompson's revocation hearing, but conceded that he did not see a gun in Thompson's hand while shots were being fired.[1] Gunshot residue was found on both Desusa and Thompson when arrested shortly after the shots were fired.
*470 When the State sought to introduce a tape-recorded statement given by Desusa, Thompson's counsel made an objection "based on Crawford,"[2] to "statements coming in from a co-defendant which we have no ability to cross-examine as truth of veracity of state [sic]." The State responded: "Probation violation hearsay is admissible. I have yet to see legal authority that Crawford applies to probation violation hearings, so this is admissible."
The trial court then overruled the objection, stating, "My understanding is Crawford, at this point, does not apply to probation violation hearings." Defense counsel did not cite Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), United States v. Zentgraf, 20 F.3d 906 (8th Cir.1994), or any of the other cases relied upon by Thompson here for his due process argument. Nor did Thompson's counsel request the State to demonstrate good cause for not presenting Desusa as a witness at the violation hearing.
On the tape, Desusa further implicated Thompson as the person who fired several shots at the officer. The trial court revoked Thompson's probation and sentenced him to thirty-one years in prison, a sentence he could have received for the 1994 crimes. See § 948.06(2)(b), Fla. Stat. (2006). Thompson's appeal followed.

Due Process
Thompson argues that his Fourteenth Amendment due process rights, as set forth in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and Morrissey, 408 U.S. at 471, 92 S.Ct. 2593, 33 L.Ed.2d 484, were violated. Specifically, Thompson maintains that he had a due process right to confront Desusa in court unless the State showed good cause as to why Thompson should not be permitted to do so. We disagree.
First, in objecting to the admission of Desusa's statement, defense counsel only argued that Thompson had a right to confront Desusa under Crawford.[3] The due process issue was never raised in the objection. The trial court therefore had no occasion to balance Thompson's limited due process rights against whatever explanation the State might give for the absence of Desusa. See United States v. Belser, 214 Fed.Appx. 961, 962 (11th Cir.2007). Thompson cannot raise one argument below and a different one here. See State v. Osvath, 661 So.2d 1252 (Fla. 3d DCA 1995).[4]
In Florida, a probationer appears with counsel before a single, neutral factfinder. Floyd v. Parole & Prob. Comm'n, 509 So.2d 919, 920 (Fla.1987). This neutral fact-finder need only find the evidence at a probation revocation hearing is "sufficient to satisfy the conscience of the court that a condition of probation has been violated." Peters, 984 So.2d at 1234. The court must give the probationer "an opportunity to be fully heard." § 948.06(2)(d), Fla. Stat. (2006). This process of satisfying *471 the court's conscience should be "flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." Id. (quoting Morrissey, 408 U.S. at 489, 92 S.Ct. 2593); see Scarpelli, 411 U.S. at 782 n. 5, 93 S.Ct. 1756 (emphasizing that Morrissey's holding did not "prohibit use where appropriate of the conventional substitutes for live testimony").
Hearsay evidence is admissible at probation revocation hearings as long as it is not the only evidence relied upon to revoke probation. See Russell, 982 So.2d at 646. In Russell, the victim of a domestic battery did not testify. Her statement to a police officer was read in court. The officer who took the statement and observed the victim's injury did testify and he corroborated the victim's statement regarding her injury. While the probationer also testified, his testimony went only to technical probation violations, having invoked his Fifth Amendment protection against self-incrimination regarding the battery. His probation was revoked, and the district and supreme courts affirmed.
As Russell instructs, non-hearsay evidence need not directly link the probationer to the alleged violation. Id. at 647. Rather, the non-hearsay evidence should be sufficient to support a hearsay allegation. Id. As a result, the trial court "must assess the credibility of the particular witnesses, the reliability of the available evidence, and the totality of the evidence under the circumstances in each individual case." Id.
Here, hearsay evidence was admitted at Thompson's revocation proceeding: Desusa's allegation that Thompson was the shooter. This was not the only evidence, however. Non-hearsay evidence also was introduced, revealing that: Thompson fled the scene after the shooting occurred; both Thompson and Desusa tested positive for gunshot residue, linking Thompson to the vehicle driven by Desusa; a firearm was located near the spot where Thompson was apprehended; other firearms were found on the passenger seat of the vehicle and on the passenger seat floor, including the gun fired during the shooting; Thompson was barefoot when he was arrested; one of his shoes was found in the vehicle driven by Desusa; the other shoe was found near the spot where Thompson was caught; the car driven by Desusa was rented by Thompson, evidenced by a registration, rental agreement, and insurance card all bearing Thompson's name; and finally, Desusa was observed unarmed while the shooting was taking place.
While Desusa did not testify, Florida law does not require that every witness, or even the victim of the underlying crime that is the alleged probation violation, be available for cross-examination at a probation revocation hearing. See id. at 642.
The credibility of the witnesses who did testify, as well as the totality of the evidence, were fully examined by the trial court. Thompson's flight, the gunpowder residue on his hands, the fact that the vehicle was rented in his name, and the fact that he is a convicted felon were enough, at a minimum, to find that he possessed a firearm, a violation of one of his probation conditions. See Barrientos v. State, 825 So.2d 1065 (Fla. 4th DCA 2002). Consequently, the trial court's conscience was satisfied that Thompson willfully violated his probation, and he was sentenced accordingly.
Affirmed.
NOTES
[1] The officer testified that he was ducking behind the dashboard of his vehicle as bullets entered his windshield. During a lull in gunfire, the officer looked up to see Desusa screaming while sitting in the driver's seat of Thompson's vehicle, her open hands held aloft. The officer testified that Thompson was in the front passenger seat of the car from which the shots originated, and that he was "positive" that Thompson was the shooter, even though he did not see a gun in Thompson's hand. The officer also saw Thompson flee the vehicle.
[2] Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
[3] In his initial brief, Thompson raised both the Crawford argument and the (unpreserved) due process argument. The brief was filed prior to the decisions in Peters v. State, 984 So.2d 1227 (Fla.2008), and Russell v. State, 982 So.2d 642 (Fla.2008). At oral argument, Thompson's appellate counsel correctly abandoned this point. The Florida Supreme Court, in Peters and Russell, has determined that Crawford does not apply to probation revocation hearings.
[4] We do not find that Thompson's counsel's failure to invoke Morrissey, to make a due process objection to the use of Desusa's statement, or to request that the State demonstrate good cause for Desusa's unavailability, arises to the level of "fundamental error." See Martinez v. State, 981 So.2d 449, 455 (Fla.2008).