**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 2, 2011

No. 10-40153

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE GERARDO MENDOZA

Defendant-Appellant

Appeal from the United States District Court for the
Southern District of Texas
(08-CR-733)

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jose Gerardo Mendoza was charged with, and pleaded guilty to, transporting illegal aliens within the United States in violation of 8 U.S.C. § 1324. The district court sentenced Mendoza to five months' imprisonment to be followed by three years of supervised release. As conditions of his supervised release, Mendoza was ordered to perform 100 hours of community service, pay a $100 special assessment and a $1000 fine (to be paid

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40153

in 20 monthly installments), refrain from committing any new law violations, and avoid associating with persons engaged in criminal activity.

Mendoza was arrested while serving his supervised release, and the United States Probation Office filed a petition to revoke Mendoza's supervised release. The Probation Office asserted that Mendoza (1) committed a new law violation — possession of marijuana; (2) associated with persons engaged in criminal activity; (3) failed to perform his community service; and (4) failed to pay the required fine. At his revocation hearing, Mendoza conceded that he had failed to pay the required fine and to perform the required community service; however, Mendoza denied that he had committed the offense of possession of marijuana and that he had associated with persons engaged in criminal activity. Concluding that Mendoza had committed a new violation and had associated with persons engaged in criminal activity, the district court revoked his supervised release and sentenced him to fifteen months in prison with no further supervised release.

Mendoza appeals the revocation of his supervised release on two grounds. First, he claims that the district court denied him his right to confront one of the witnesses whose statements were used by the district court to determine that he had committed a new violation. Second, Mendoza claims that, regardless of this violation of his right to confront the witness, there was not sufficient evidence for the district court to determine that he had committed a new violation and associated with persons engaged in criminal activity. For the reasons discussed in this opinion, we find no reversible error, and thus affirm the district court's revocation of Mendoza's supervised release and its resulting prison sentence.

## I. Facts

The district court relied on the events that occurred on December 31, 2009 in determining that Mendoza had committed a new law violation and associated with persons engaged in criminal activities. On that date, Zapata County

2

No. 10-40153

Deputies observed a Chevrolet Suburban and a minivan stopped on the side of Highway 83 near San Ygnacio, Texas. The officers noticed that the minivan was smoking and that individuals were standing outside of the two vehicles. When the officers approached the area where the two vehicles were stopped, the Suburban sped away, but the officers quickly caught up with the Suburban and stopped it. Four individuals were inside the Suburban: Clemente Godina, Jr., Osvaldo Guerrero, Ricardo Saenz, III, and Defendant-Appellant Mendoza. One of the passengers seated in the rear was wearing weightlifting gloves, and the officers discovered a headlamp with a flashlight in the center console. The officers identified these items as tools often used in transporting bundles of drugs. Although the officers acknowledged that they were also used by hunters, no other hunting items or instruments were found.

While the Suburban was stopped, other officers approached the minivan. They found that it was abandoned but that it contained over 300 pounds of marijuana, positioned in plain view. The occupants of the Suburban were placed under arrest and booked for possession of marijuana. A video taken after the occupants of the Suburban were placed in the patrol car recorded several calls made by Godina. In these calls, Godina indicated that he had been stopped, that "they didn't catch us with anything," and that "that stayed in the minivan."

The persons who had occupied the minivan were apprehend later that evening. One of them, Jesus Losoya, stated that four individuals — whom he named as "Clemente, Julio, Baldo, and Ricardo" — had taken him and another individual to the minivan that was already loaded with marijuana. He stated that he owned the marijuana and had worked with these four individuals for almost a month, yet this was the first job that he was executing with them. He said that he had just met Mendoza (whom he erroneously called "Julio"). He then stated that the engine of the minivan failed and that the occupants of the

3

No. 10-40153

Suburban had attempted to push the minivan onto the highway. At this time, he and the other minivan occupant saw the officers and fled into the brush.

One of the officers testified he believed that Losoya was referring to Mendoza when he mentioned "Julio." This was later confirmed when Losoya was shown a photo lineup of the four occupants of the Suburban and he identified them — albeit after the officer had indicated to Losoya that the individuals in the lineup were the occupants apprehended from the Suburban — as the persons who had helped push the minivan onto the highway.

Based on this evidence, the district court determined that Mendoza had committed a violation of possession of marijuana and had associated with persons engaged in criminal activity. In reaching that conclusion, the court focused on numerous facts adduced at the hearing. The district court first noted that the Suburban and the minivan were stopped together in a rural area that did not have significant road or foot traffic. It noted that this fact makes it unlikely that Mendoza was merely picked up and given a lift by the Suburban. The district court next noted that this incident occurred at night and that the Suburban quickly fled the scene when the occupants became aware of the presence of police officers. Third, the district court relied on the fact that Losoya identified Mendoza in a lineup and indicated that the passengers of the Suburban were part of the criminal undertaking. Last, the district court relied on Godina's recorded phone conversation, concluding that when Godina said that "that stayed in the minivan," the most reasonable assumption is that he was referring to the marijuana. The court also found important the facts that (1) Godina stated in one of these conversations that the officers had not caught him with anything, which would be a strange thing to say considering the fact that those officers did not know about the minivan at that time; and (2) Godina stated in another of these conversations, "don't leave us here to die" (in Spanish), which

4

No. 10-40153

would be an unusual thing to say if one were not involved in a criminal enterprise.

## II. Discussion

## A. Standard of Review

We review a district court's revocation of supervised release for abuse of discretion.[1]  The district court was authorized to revoke Mendoza's supervised release if it found — by a mere preponderance of the evidence — that a condition of his release had been violated.[2]  Challenges regarding the due process right to confront a witness are reviewed *de novo*.[3]  If the argument was not raised below, however, we review only for plain error.[4]

When we review challenges to the sufficiency of the evidence in revocation hearings, we "must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the government."[5]  The district court may choose among reasonable constructions of the evidence, and the evidence is sufficient if a reasonable trier of fact could have concluded as did the district court.[6]

---

[1] *Id.*

[2] *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995).

[3] *McCormick*, 54 F.3d at 219.

[4] *See United States v. Alaniz-Alaniz*, 38 F.3d 788, 791-92 (5th Cir. 1994).

[5] *Id.* at 792 (quotation marks omitted).

[6] *Id.*

No. 10-40153

## B.  Right to Confront the Witness

Mendoza contends that he was denied his procedural due process[7] right to confront Losoya when the district court admitted his written statement.  The parties argue over the standard of review: The government asserts that we should review the district court's ruling for plain error because Mendoza asserts for the first time on appeal that Losoya's written statement violates his due process confrontation rights.  Normally a court considering the admissibility of hearsay evidence in a revocation hearing should balance the "releasee's interest in confronting a particular witness against the government's good cause for denying it, particularly focusing on the indicia or reliability of a given hearsay statement."[8]  The district court did not perform such a balancing test in the instant case.

At the revocation hearing, Mendoza objected to Losoya's statement as follows: "Your Honor, I would object, Your Honor, as to hearsay.  And Mr. Lozayo [sic] was probably available to testify on his own behalf.  But I would object to hearsay as to written statement."  The district court overruled the hearsay objection.  Mendoza clearly objected on hearsay grounds; he did not appear to object that his right to confrontation was abridged.[9]  We have stated that the defendant must make an "affirmative request to confront an adverse witness."[10]  We cannot say that Mendoza's objection was such an affirmative request.  We

---

[7] In a revocation hearing, the Sixth Amendment right to confrontation does not apply. In such a hearing the defendant has the right to confront witnesses under Fed. R. Crim. P. 32.1 and the Fifth Amendment.  *See United States v. Grandlund*, 71 F.3d 507, 510 (5th Cir. 1996).

[8] *Alaniz-Alaniz*, 38 F.3d at 791 (quotation marks and citations omitted).

[9] *United States v. Swarn*, 254 Fed. Appx. 376, 380-81 (5th Cir. 2007) (unpublished) (concluding that plain-error review applies to a Confrontation Clause claim because, in a criminal trial, the defendant only objected on hearsay grounds in the district court).

[10] *McBride v. Johnson*, 118 F.3d 432, 437 (5th Cir. 1997).

therefore review this claim for plain error. Mendoza must show a clear and obvious error that affects his substantial rights.[11] Even if Mendoza can make such a showing, we have the discretion to reverse if the error seriously affects the fairness, integrity, or public reputation of these proceedings.[12]

Absent an objection on confrontation grounds, "the district court had no reason to engage in a balancing of [Mendoza's] confrontation rights and the government's proffered reasons for denying confrontation."[13]   Given that Mendoza cannot supply any precedent requiring a sua sponte balancing, we cannot say that the error — if any — was plain.[14]

## C. Sufficiency of the Evidence

Mendoza argues that the evidence is insufficient to establish that he committed the new law violation of possession of marijuana. We have no problem concluding that, with or without the challenged statements by Losoya, the evidence was sufficient. When viewing the evidence in the light most favorable to the government, the district court could have reasonably concluded that Mendoza committed a new law violation and associated with persons engaged in criminal activities. First, we have the highly incriminating statements by Losoya. The district court was entitled to credit the statements made by Godina in the patrol car as it did; one could reasonably conclude that Godina was speaking of the marijuana when he stated "that stayed in the minivan." Furthermore, the other circumstances of the arrest — the weightlifting gloves and headlamp in the absence other hunting gear; the sparsely traveled road; the fact that the Suburban sped away when the patrol

---

[11] *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

[12] *Id.*

[13] *United States v. Belser*, 214 Fed. Appx. 961, 962 (11th Cir. 2007).

[14] *Id.*

No. 10-40153

car arrived — entitled the district court to conclude that Mendoza had been involved in a criminal enterprise by a preponderance of the evidence. We are satisfied that the evidence was sufficient for the district court to determine that Mendoza had committed a new violation and associated with persons engaged in criminal activity. Given the additional facts conceded by Mendoza, *i.e.*, his failure to pay the required fine or to perform the required community service, the district court did not abuse its discretion in revoking Mendoza's supervised release and imposing a fifteen-month jail sentence.

### III. Conclusion

Because Mendoza failed to object to Losoya's statement as a violation of his confrontation rights in the revocation hearing, we review the district court's omission of a balancing test for plain error. We find none. We hold that the evidence was sufficient for the district court to determine that Mendoza had committed a new law violation and had associated with persons engaged in criminal activity. This, in combination with his conceded failure to pay the required fine or perform the required community service, the district court did not abuse its discretion in revoking Mendoza's supervised release and imposing a fifteen-month jail sentence.

AFFIRMED.