# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41634
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DOMINGO MARINES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-661-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Domingo Marines appeals the revocation of his supervised release. He contends that he was denied the right to confront an adverse witness when the district court admitted written statements from a confidential informant. Because Marines did not object in the district court, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41634

A defendant in a revocation proceeding has a qualified right under the Due Process Clause to confront and cross-examine adverse witnesses, unless the district court specifically finds good cause for not permitting confrontation. *United States v. Grandlund*, 71 F.3d 507, 510 (5th Cir. 1996).  The court made no such finding in Marine's case.  But assuming that the district court committed clear or obvious error in this regard, Marines has not shown that any error affected his substantial rights.  *See Puckett*, 556 at 135.  The record contains ample evidence aside from the statement of the confidential informant to support that Marines violated his supervised release as alleged, including a police report and independent testimony from a police officer describing a controlled purchase of heroin from Marines, the officer's recovery of heroin from Marines during the execution of search and arrest warrants, and Marines's post-arrest statement that he at times sold heroin to his friends. The record does not indicate that the district court considered the confidential informant's statements in its revocation decision.  Thus, Marines cannot show that the alleged violation affected his substantial rights and constituted reversible plain error.  *See United States v. Hughes*, 237 F. App'x 980, 981 (5th Cir. 2007) (noting that, where other evidence supported revocation decision, any confrontation error did not affect defendant's substantial rights).

Marines also contends that the evidence was insufficient to support revoking his supervised release, especially because the Government did not present evidence of a lab report or testing that proved that the substances that he sold and possessed were heroin.  We review the district court's decision to revoke Marines's supervision for an abuse of discretion and will affirm that decision if a preponderance of the evidence supports that the defendant did not comply with the terms of his supervised release.  *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995).

No. 16-41634

Marines has not established that the Government had to present tests or reports to establish the identity of the heroin. *See generally United States v. Osgood*, 794 F.2d 1087, 1095 (5th Cir. 1986) (noting that circumstantial evidence can prove the identity of a controlled substance). And Marines does not refute or contest the veracity of the evidence adduced at the revocation hearing and has not established that the evidence was false or unreliable. The evidence, and all reasonable inferences drawn from it, viewed in the light most favorable to the Government, support that the substances seized were heroin. *See United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994). Because a preponderance of the evidence supported that Marines violated his supervised release, he has not established that the district court's decision to revoke his supervision was an abuse of discretion. *See McCormick*, 54 F.3d at 219; § 3583(e)(3).

AFFIRMED.