# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10896
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMADAN TAJEDEEN SHABAZZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-143-1

Before KING, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ramadan Tajedeen Shabazz, previously convicted of wire fraud, appeals the mandatory revocation of his supervised release pursuant to 18 U.S.C. § 3583(g) and his 24-month revocation sentence. We affirm.

First, Shabazz argues that the admission of out-of-court statements at his revocation hearing violated his due process rights under the Confrontation Clause. Our review of this unpreserved issue is for plain error. *See Puckett v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10896

*United States*, 556 U.S. 129, 135 (2009). Accordingly, Shabazz must show (1) a forfeited error, (2) that is "clear or obvious, rather than subject to reasonable dispute," and (3) that affected his substantial rights. *Id.* If he does that, we have the discretion to correct the error and should do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and alteration omitted). Shabazz pleaded true to the allegation that he violated a special condition of his supervised release by failing to comply with urinalysis drug screening; therefore, the district court was statutorily mandated to revoke his supervised release. *See* § 3583(g)(3). Because the revocation of supervised release was supported by substantial evidence besides the alleged hearsay testimony, Shabazz cannot show that the putative error affected his substantial rights, and his argument cannot survive plain error review. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016); *United States v. Hughes*, 237 F. App'x 980, 981 (5th Cir. 2007).[1]

Next, Shabazz argues that his statutory-maximum revocation sentence is substantively unreasonable because the district court undervalued the advisory range of imprisonment set forth in policy statement U.S.S.G. § 7B1.4 and considered two stale convictions that were not counted for purposes of calculating his original criminal history score. He acknowledges that this court reviews the substantive reasonableness of a revocation sentence under the plainly unreasonable standard, *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018), but seeks to preserve for further review his argument that revocation sentences should instead be reviewed for "unreasonableness."

---

[1] While unpublished opinions issued on or after January 1, 1996, are not precedential, they may be treated as persuasive authority. *See* 5th Cir. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

No. 19-10896

The district court considered and rejected § 7B1.4, determining that the applicable 18 U.S.C. § 3553(a) factors required a harsher sentence, and was required to do no more. *See United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992).    Moreover, we have routinely affirmed statutory-maximum revocation sentences imposed in excess of the advisory policy range. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Shabazz therefore has not shown an abuse of discretion on the part of the district court. *See Sanchez*, 900 F.3d at 682.

Finally, Shabazz argues that § 3583(g) is unconstitutional in light of *United States v. Haymond*, 139 S. Ct. 2369 (2019), because it does not require a jury determination of guilt beyond a reasonable doubt. Our review is for plain error. *See Puckett*, 556 U.S. at 135.  The Supreme Court's decision in *Haymond* addressed the constitutionality of § 3583(k), and the plurality opinion specifically declined to "express a view on the mandatory revocation provision for certain drug and gun violations in § 3583(g)." 139 S. Ct at 2382 n.7 (plurality opinion).  The application of § 3583(g) therefore was not plain error. *See United States v. Badgett*, 957 F.3d 536 (5th Cir. 2020).

AFFIRMED.

3