# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2024

Lyle W. Cayce
Clerk

—————————

No. 23-60227

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jamarius Roscoe,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:19-CR-101-1

_____

Before Richman, *Chief Judge*, and Graves and Wilson, *Circuit Judges*.

Per Curiam:*

Jamarius Roscoe appeals the revocation of his supervised release. He argues the district court violated his right to confront adverse witnesses by considering hearsay during his revocation hearing. Because Roscoe has not demonstrated that the error affected his substantial rights, we affirm.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60227

# I

In July 2020, Jamarius Roscoe pleaded guilty to receiving ammunition while under a felony indictment. He was sentenced to thirty-three months of imprisonment and three years of supervised release. Shortly after his term of supervised release commenced, Roscoe was arrested on four counts of attempted murder in Moorhead, Mississippi. He also tested positive for fentanyl, marijuana, and benzodiazepines. Based on these two violations of his terms of supervision—a new violation of law and use of a controlled substance—the United States Probation Office filed a petition to revoke Roscoe's supervised release.

At the revocation hearing, Roscoe admitted to using a controlled substance but denied the allegations of attempted murder. To establish the new violation of law, the Government presented the testimony of Moorhead Police Department Chief Frederick Randle, who assisted with the attempted-murder investigation, to establish the new violation of law.

According to Chief Randle, on September 26, 2022, Moorhead police received a call about a shooting in which four people were wounded. During the investigation, several witnesses—including the victims—informed law enforcement that the shots came from the passenger side of a blue Nissan Altima or Maxima. Witnesses also reported seeing the blue vehicle speeding away from the scene, but they were unable to identify the vehicle's occupants. Law enforcement was told the blue vehicle had damage on the left rear side of the vehicle.

Roscoe's girlfriend reported to law enforcement that she had received calls that Roscoe had been involved in the shooting. She further informed them that Roscoe was in possession of her blue Nissan Altima on the date of the shooting. Video footage from her home later revealed Roscoe exiting the passenger side of the vehicle that evening. The police subsequently searched

the vehicle and discovered a 40-caliber spent round similar to four of the shell casings found at the crime scene. Officers took photographs of the vehicle, the crime scene, the shell casings, and the video footage. These photographs, as well as Chief Randle's testimony, were admitted into evidence at the revocation hearing without objection.

At the close of arguments, the district court first noted that Roscoe had made it just four months before he violated the terms of supervision by using multiple controlled substances. The court then addressed the attempted-murder allegations. The court observed there was no proof that Roscoe committed the September 2022 shooting but concluded the Government sufficiently connected him to the crime to establish a violation of his terms of supervision. The district court revoked Roscoe's supervised release and resentenced him to the maximum allowable sentence of twenty-four months of imprisonment and twelve months of supervised release. Roscoe timely appealed.[1]

## II

Due process affords defendants in supervised release revocation proceedings the right to confront and cross-examine adverse witnesses unless there is a specific finding of good cause for not allowing confrontation.[2] When making this good-cause determination, the district court must

---

[1] *See* FED. R. APP. P. 4(b)(1)(A).

[2] *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972); *United States v. Kersee*, 86 F.4th 1095, 1098 (5th Cir. 2023) ("[B]ecause a 'person's liberty is at stake' in revocation proceedings, due process entitles the defendant to a 'qualified right to confront and cross-examine adverse witnesses.'" (quoting *United States v. Grandlund*, 71 F.3d 507, 509-10 (5th Cir. 1995))); *United States v. Jimison*, 825 F.3d 260, 263 (5th Cir. 2016) ("The confrontation right in these nontrial proceedings that nonetheless may result in a deprivation of the defendant's liberty is governed by the Due Process Clause." (citing *Morrissey*, 408 U.S. at 481-82)).

"balance[] the [releasee's] interest in confronting a particular witness against the government's good cause for denying it."[3] However, "district courts are not required to make such a finding *sua sponte*."[4] Absent an objection on confrontation grounds, "the district court has no reason to know it should be balancing a defendant's confrontation interest against the government's interests."[5]

On appeal, Roscoe contends the district court erred by admitting out-of-court statements regarding the September 2022 shooting in violation of his due process right to confront adverse witnesses against him. As Roscoe concedes, because he did not raise this claim of error in the district court, our review is limited to plain error.[6] To establish plain error, Roscoe must show "(1) an error or defect not affirmatively waived; (2) that is 'clear or obvious, rather than subject to reasonable dispute'; and (3) that affected his substantial rights."[7] If he can show all three, we may exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."[8]

---

[3] *United States v. Kindred*, 918 F.2d 485, 486 (5th Cir. 1990) (quoting *Farrish v. Miss. State Parole Bd.*, 836 F.2d 969, 978 (5th Cir. 1988)).

[4] *United States v. McDowell*, 973 F.3d 362, 366 (5th Cir. 2020) (noting "[t]here is no authority requiring a specific good-cause finding in the absence of an objection").

[5] *Id.*; *see also United States v. Mendoza*, 414 F. App'x 714, 718 (5th Cir. 2011) (per curiam) (unpublished); *United States v. Little*, No. 21-20056, 2021 WL 3011951, at *3 (5th Cir. July 15, 2021) (per curiam) (unpublished).

[6] *See* Fed. R. Crim. P. 52(b); *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020); *United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017).

[7] *United States v. Ponce-Flores*, 900 F.3d 215, 217 (5th Cir. 2018) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

[8] *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

No. 23-60227

The crux of Roscoe's argument is that hearsay was the sole basis for the revocation of his supervised release. But, as noted by the Government, "that is not a true depiction of the proof presented in court." The district court revoked Roscoe's supervised release after finding by a preponderance of the evidence that Roscoe violated two conditions of his supervision—use of a controlled substance and a new violation of law. While hearsay certainly was offered to establish the latter violation,[9] under plain error review, Roscoe "must demonstrate that [this error] 'affected the outcome of the district court proceedings.'"[10] For two reasons, Roscoe has not met that burden.

First, in addition to the challenged hearsay, non-hearsay evidence connected Roscoe to the September 2022 shooting: photographs of the crime scene, suspect vehicle, shell casings, and video footage.[11] This evidence was admitted without objection. Moreover, Chief Randle—as a member of the investigation team—had personal knowledge of how the criminal investigation unfolded. The portions of Chief Randle's testimony that were based on his personal knowledge did not implicate Roscoe's due process right

_____

[9] Roscoe does not specify which parts of Chief Randle's testimony implicated his right to confrontation. Rather, he appears to treat all evidence presented at the revocation hearing as hearsay. The Government agrees that some portions of Chief Randle's testimony introduced hearsay. Indeed, Chief Randle testified as to out-of-court statements made by various witnesses and parties related to the case.

[10] *Puckett*, 556 U.S. at 135 (quoting *Olano*, 507 U.S. at 734).

[11] *See United States v. Shaw*, 769 F. App'x 139, 140 (5th Cir. 2019) (per curiam) (unpublished) (holding other evidence besides the alleged hearsay supported a finding that the defendant violated his supervised release); *United States v. Hughes*, 237 F. App'x 980, 981 (5th Cir. 2007) (per curiam) (unpublished) (observing that other evidence, including photographs and the testifying witness's own observations, connected the defendant to the violation); *United States v. Doss*, 155 F. App'x 770, 771 (5th Cir. 2005) (per curiam) (unpublished) (concluding the alleged confrontation violations did not affect the defendant's substantial rights because the challenged hearsay testimony was not the only evidence supporting the revocation).

to confrontation.[12]  For example, Chief Randle watched the video footage and identified Roscoe as one of the passengers exiting the suspect vehicle on the day of the shooting.  Likewise, the investigation team "discovered a 40-caliber spent round in [the vehicle] that matche[d] four shell casings that [they] got from the crime scene."  The district court permissibly weighed the credibility of this evidence, in addition to the aforementioned photographs, and concluded Roscoe had some connection to the September 2022 shooting.

Second, the evidence of Roscoe's use of a controlled substance, including his admission that he used controlled substances, informed the district court's revocation decision.[13]  In fact, the district court specifically identified this violation when deciding whether to revoke Roscoe's supervised release.[14]  Accordingly, even if we were to assume the district court erred by considering hearsay during the revocation hearing, Roscoe has not demonstrated "'a reasonable probability that, but for the error,' the outcome of the proceeding would have been different."[15]

---

[12] *See United States v. El-Mezain*, 664 F.3d 467, 495-96 (5th Cir. 2011) (noting "[i]f the evidence supports a finding that the witness does possess personal knowledge . . . he may testify on that basis" even when other portions of the testimony are based on hearsay).

[13] *See United States v. Dartez*, 713 F. App'x 266, 270 (5th Cir. 2017) (per curiam) (unpublished) (emphasizing that other violations "contributed to the district court's decision" to revoke the defendant's supervised release); *United States v. Burnett*, 537 F. App'x 299, 303-04 (5th Cir. 2012) (per curiam) (unpublished) (concluding the defendant's admitted violations of his supervised release further supported the district court's revocation decision).

[14] When deciding whether Roscoe violated his terms of supervised release, the district court observed: "[Roscoe] tested positive for fentanyl, marijuana, and benzodiazepines . . . .  And that is a violation of the terms of his supervision."

[15] *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004)).

No. 23-60227

"All that is required for the revocation of supervised release is enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions of supervised release."[16]  The evidence presented by the Government—including the photographs related to the September 2022 shooting, portions of Chief Randle's testimony, and Roscoe's use of controlled substances—is sufficient to support the district court's decision to revoke Roscoe's supervised release.  Any error arising from the district court's admission of hearsay without good cause did not affect Roscoe's substantial rights.

\* \* \*

For the foregoing reasons, we AFFIRM.

---

[16] *United States v. Minnitt*, 617 F.3d 327, 335-36 (5th Cir. 2010) (internal quotation marks omitted) (quoting *United States v. McCormick*, 54 F.3d 214, 219 n.3 (5th Cir. 1995)).