# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11265

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARQUIST THEOBLES WILLIAMS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINBOTHAM, JONES, and HAYNES, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The district court revoked the defendant's supervised release and sentenced him to prison. Despite not having raised an objection at the time, the defendant now complains that the district court violated his due process right to confrontation by considering hearsay. Finding no plain error, we affirm.

## I.

Marquist Williams pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, earning him a sentence of sixty months' imprisonment and three years' supervised release. He served that prison term, but then during his supervised release, the probation office petitioned to revoke

No. 15-11265

for violating his release terms. A Supervised Release Violation Report (SRVR) alleged that Williams possessed controlled substances, intentionally submitted "invalid" or "dilute" urine samples, and advised other addicts how to do the same. Williams pleaded "true" to the SRVR. The district court found that Williams violated the conditions of his release, adopted the SRVR, and sentenced him to twenty-four months' imprisonment and an additional twenty-four months' supervised release.

## II.

Williams contends that the district court plainly erred by admitting into evidence in the revocation hearing the hearsay statement that he helped other addicts cheat on their drug tests. Because a revocation hearing is not a criminal prosecution, "the full panoply of rights due a defendant in such a proceeding does not apply."[1] By way of example, the Federal Rules of Evidence do not apply.[2] At the same time, revocation defendants are not wholly without protection. Due process requires that a revocation defendant have "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)."[3] Thus, if the government in a revocation proceeding wishes to offer hearsay evidence, it must show "good cause" for pretermitting live testimony.[4]

> In determining whether to invoke the *Morrissey* "good cause" exception to a defendant's right of confrontation, courts are instructed to employ a balancing test in which they are to weigh "the [defendant's] interest in confronting a particular witness against the government's good cause for denying it, particularly

---

[1] *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972).

[2] FED. R. EVID. 1101(d)(3); *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995).

[3] *United States v. McCormick*, 54 F.3d 214, 221 (5th Cir. 1995) (quoting *Morrissey*, 408 U.S. at 489); *see also* FED. R. CRIM. P. 32.1(b)(2)(c).

[4] *McCormick*, 54 F.3d at 221.

No. 15-11265

focusing on the 'indicia of reliability' of a given hearsay statement."[5]

Williams's objection being admittedly unpreserved, we review for plain error.[6] "A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. When those elements are shown, this court has the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7]

## III.

We find no plain error. Even assuming a clear and obvious error, the district court's consideration of the hearsay could not have affected Williams's substantial rights. Absent an exception, Williams was subject to mandatory revocation and imprisonment pursuant to 18 U.S.C. § 3583(g) because, as he admitted, he possessed a controlled substance and failed more than three drug tests in one year.[8] Even absent the complained-of hearsay evidence, the district court was thus required to revoke Williams's supervised release and imprison him. So to the extent that the district court considered the hearsay statement at all, it could have done so only in connection with the length of Williams's prison sentence. A revocation defendant's due process right to confrontation does not apply in connection with the length of any resulting prison sentence.[9] Accordingly, Williams's substantial rights went necessarily unaffected by the hearsay.

---

[5] *Id.* (quoting *United States v. Kindred*, 918 F.2d 485, 486 (5th Cir. 1990)).

[6] *United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

[7] *United States v. Diaz*, 637 F.3d 592, 601 (5th Cir. 2011) (internal quotation marks and citations omitted).

[8] 18 U.S.C. § 3583(g)(1), (4).

[9] *See United States v. Jimenez*, 275 F. App'x 433, 438 (5th Cir. 2008) (unpublished) ("[B]ecause [the defendant] does not challenge the decision to revoke his supervised release, but only his revocation sentence, the right to confrontation under *Morrissey* does not apply to this case."); *United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006).

No. 15-11265

Williams argues that he might have been entitled to relief from the § 3583(g) mandate under 18 U.S.C. § 3583(d) but for the district court's consideration of the hearsay. That section reads:

> The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test.[10]

However, even assuming that Williams qualified for relief under § 3583(d), he has not met his burden to convince us that the district court would have exercised its discretion under that section.[11] In fact, the record reveals that Williams's history of participation in treatment programs has been unsuccessful and sporadic, making it unlikely that the district court would have opted to sentence Williams to further treatment in lieu of mandatory revocation and imprisonment.

Because Williams has not demonstrated that any error affected his substantial rights, we find no plain error.

## IV.

For the reasons described, the judgment of the district court is affirmed.

---

[10] 18 U.S.C. § 3583(d).

[11] *See United States v. Olano*, 507 U.S. 725, 734 (5th Cir. 1993) (burden of persuasion falls on defendant claiming plain error to demonstrate that his or her substantial rights were affected).