# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50930
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMY LEE MARTINEZ, also known as Jeremy Martinez,

Defendant-Appellant

c/w No. 15-50931

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JEREMY LEE MARTINEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-34-1
USDC No. 7:08-CR-140-2

No. 15-50930
c/w No. 15-50931

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Jeremy Lee Martinez appeals the consecutive 10-month and 14-month sentences he received upon revocation of his terms of supervised release. For the first time on appeal, he contends that his sentences are procedurally and substantively unreasonable. We review these newly raised arguments for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To establish plain error, Martinez must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* at 135.

Martinez raises two issues that he acknowledges are foreclosed by our precedent, but presents them in order to preserve them for possible further review. First, he challenges the requirement that a post-sentencing objection is necessary to preserve an error for appellate review. That argument is foreclosed by our decision in *Whitelaw*, 580 F.3d at 260. Second, he argues that a presumption of reasonableness should not be afforded to a consecutive, within-guidelines revocation sentence because the policy statements in U.S.S.G. § 7B1.1 lack an empirical basis, but concedes that the issue is foreclosed by our decision in *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009).

Martinez also argues that the district court offered only a cursory explanation for its sentences and argues that the district court failed to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50930
c/w No. 15-50931

consider the 18 U.S.C. § 3553(a) factors when imposing his sentences.  He fails to show any reversible plain error.  *See Puckett*, 556 U.S. at 135.

Because the revocation sentences fall within the advisory guidelines range, little additional explanation was required.  *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).  The district court implicitly considered the permissible § 3553(a) factors when it listened to Martinez's arguments in mitigation and the Government's reminder that previous revocations of his supervised release were based on the same reporting violations.  *See Whitelaw*, 580 F.3d at 262-65.  Moreover, Martinez cannot show that his substantial rights were affected or that any error seriously affected the public reputation of the proceedings as nothing in the record suggests that a more thorough explanation would have resulted in lesser sentences.  *See id.* at 264-65.

Additionally, Martinez fails to show that the combined 24-month sentence is substantively unreasonable.  The district court had the discretion to run his sentences consecutively.  *See id.* at 260-61.  Because each revocation sentence falls within the advisory range and is consistent with the Guidelines' policy regarding consecutive sentences, it is entitled to a presumption of reasonableness.  *See* U.S.S.G. § 7B1.4(a), (b)(1); U.S.S.G. § 7B1.3(f); *see also United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006).  Martinez's argument that the total sentence is excessive and greater than necessary to achieve the sentencing goals of § 3553(a) fails to rebut the presumption of reasonableness attached to his sentence.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.