# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

—————

No. 17-30576
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TAURUS LEGENDRE,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-131-1

—————

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Taurus Legendre was convicted of distribution of heroin and sentenced to serve 48 months in prison and a six-year term of supervised release, which was revoked after the district court found that he committed several violations of the terms of release, including one involving a firearm. This violation arose

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30576

from an incident that led to Legendre entering an *Alford*[1] plea to charges of illegal carrying of a weapon, simple battery, and aggravated assault. He argues that his right to confrontation was violated by the introduction of a police report and a video containing statements from the victim, who did not appear at his revocation hearings, and that the evidence does not suffice to show that he violated the condition of his release forbidding him from having a firearm.

Legendre's confrontation claim is reviewed for plain error because he did not raise it in the district court. *See United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 192 (2017). To prevail, Legendre must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court will only correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

We will assume arguendo that the district court clearly erred by neglecting to balance Legendre's interest in confronting the victim with good cause for denying confrontation. *See Williams*, 847 F.3d at 254. Nonetheless, Legendre has not met the plain error standard because review of the record does not show that any error arising from the denial of his right to confront the victim was the driving force behind the revocation. *See Puckett*, 556 U.S. at 135. Instead, this review shows that the revocation is supported by the statement of the victim's mother, whom Legendre was able to confront at the hearing, and his new convictions. The district court's credibility findings as to Legendre and the victim's mother, which are afforded "great deference," also

---

[1] "A defendant entering an *Alford* plea pleads guilty but affirmatively protests his factual innocence to the charged offense." *United States v. Harlan*, 35 F.3d 176, 180 n.1 (5th Cir. 1994) (citing *North Carolina v. Alford*, 400 U.S. 25 (1970)).

support the revocation. *See United States v. Alaniz-Alaniz*, 38 F.3d 788, 791 (5th Cir. 1994). Legendre has not shown plain error in connection with his confrontation claim.

His challenge to the revocation likewise fails. A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that he has violated a condition of his release. *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010); 18 U.S.C. § 3583(e)(3). We review a revocation for abuse of discretion. *Minnitt*, 617 F.3d at 332. An abuse of discretion occurs when a decision is grounded in a legal error or a clearly erroneous analysis of the evidence. *United States v. Castillo*, 430 F.3d 230, 238 (5th Cir. 2005). The statement from the victim's mother, Legendre's new convictions, and the district court's credibility findings support the revocation and show that it is not an abuse of discretion. *See id.*

AFFIRMED.