# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11347
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTIAN DOMINIQUE SCOTT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-377-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Christian Dominique Scott appeals the revocation of his supervised release and the resulting 10-month term of imprisonment and additional 50-month term of supervised release. He argues that he was deprived of his due process right to confrontation when the district court allowed Police Officer Jay Dickason to testify about the Whataburger manager's out-of-court statements at his revocation hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11347

We review a claim that the district court violated the constitutional right to confrontation in a revocation proceeding de novo, subject to harmless error analysis. *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010). "Harmless error is any error, defect, irregularity, or variance that does not affect substantial rights. It arises when the mistake fails to prejudice the defendant because it has not affected the outcome of the district court proceedings." *United States v. Harper*, 527 F.3d 396, 408 (5th Cir. 2008) (internal quotation marks, brackets, and citations omitted).

A defendant in a revocation hearing has a qualified right under the Due Process Clause to confront and cross-examine adverse witnesses, which may be disallowed upon a finding of good cause. *United States v. Grandlund*, 71 F.3d 507, 510 (5th Cir. 1995); FED. R. CRIM. P. 32.1(b)(2)(C). Even if we assume arguendo that the district court erred in admitting the hearsay testimony to find that Scott committed the new offense of assault-family violence in violation of Texas Penal Code § 22.01(a)(1), the error was harmless. *See Minnitt*, 617 F.3d at 332. Scott's supervised release would have been revoked even without the new offense violation of assault-family violence as Scott pleaded true to using methamphetamine and failing to submit a urine specimen for drug testing on 11 occasions. *See* 18 U.S.C. § 3583(g)(1) and (g)(3) (stating that revocation is mandatory for the possession of a controlled substance and the refusal to comply with drug testing). Thus, Scott cannot show that the error affected his substantial rights. *See Harper*, 527 F.3d at 408; *United States v. Nanda*, 867 F.3d 522, 530 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1578 (2018) (This court may affirm the district court's judgment on any basis supported by the record.).

To the extent that admission of the hearsay testimony affected the length of his sentence, we have held that the right of confrontation does not apply to

No. 17-11347

the length of any resulting prison sentence.  *See United States v. Williams*, 847 F.3d 251, 254 (5th Cir.), *cert. denied*, 138 S. Ct. 192 (2017).  Therefore, the district court's judgment is AFFIRMED.