# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10193
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEREK RAY KING,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-200-1

Before DAVIS, HAYNES and GRAVES, Circuit Judges.

PER CURIAM:*

Derek Ray King appeals the judgment revoking his second term of supervised release and sentencing him to a 10-month prison term and a 20-month term of supervised release. *See* 18 U.S.C. § 3583(e)(3). Pretermitting the question whether the district court infringed King's due process right of confrontation, we affirm on other bases supported by the record. *See United States v. Rodriguez,* 523 F.3d 519, 525 (5th Cir. 2008); *United States v. Ho,* 311

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10193

F.3d 589, 602 n.12 (5th Cir. 2002); *United States v. McCormick*, 54 F.3d 214, 219 n.3 (5th Cir. 1995).  Additionally, we pretermit deciding the standard of review for the statutory bases for our decision because we conclude that "the district court's reasons were sufficient under any standard." *Rodriguez*, 523 F.3d at 525.

First, revocation and imprisonment were mandatory because King conceded that he had tested positive for illegal substances more than three times in a year's period.  *See* § 3583(g)(4).  The record offers no basis for concluding that the district court committed error of any kind in exercising the limited discretion granted by statute to forgo mandatory revocation for defendants on supervised release who fail drug testing.  *See* § 3583(d); *see also United States v. Williams*, 847 F.3d 251, 254-55 (5th Cir.), *cert. denied*, 138 S. Ct. 192 (2017); *United States v. Minnitt*, 617 F.3d 327, 335-36 (5th Cir. 2010); *United States v. Smith*, 417 F.3d 483, 486-87 (5th Cir. 2005).  King had been required to participate in substance abuse treatment since at least October 2012 and yet continued his abusive behavior, as shown by testing in April, May, June, and July of 2017.  Second, revocation and imprisonment were mandatory because King conceded that he had violated the condition of his supervised release that he not possess illegal controlled substances.  *See* § 3583(g)(1).  And to such extent as King may be understood to argue that the district court was influenced in its sentence by the allegations of an addendum to the petition for revocation and the testimony related to those allegations, i.e., that his due process right of confrontation was infringed with regard to his revocation sentence, he is entitled to no relief.  *See United States v. Beydoun*, 469 F.3d 102, 108 (5th Cir. 2006).

AFFIRMED.