# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-11100
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL DE LEON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-125-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Daniel De Leon appeals the revocation of his supervised release from his conviction for possession with intent to distribute over 500 grams of cocaine. The revocation was based on De Leon's plea of true to allegations that he failed seven drug tests in two months and possessed marijuana. De Leon contends that the district court erred by treating revocation as mandatory despite the command in 18 U.S.C. § 3583(d) to consider alternatives to revocation in cases

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11100

where a supervised release violation involves failing a drug test. Because De Leon did not raise this issue in the district court, he concedes that our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017).

Pursuant to § 3583(g), revocation of supervised release is mandatory if, inter alia, the defendant possesses a controlled substance or tests positive for drug use more than three times in one year. § 3583(g)(1), (4). However, § 3583(d) provides that a district court shall consider whether appropriate substance abuse treatment programs warrant an exception from the rule of mandatory revocation under § 3583(g) for a defendant who fails a drug test. § 3583(d); *see also* U.S.S.G. § 7B1.4, p.s., comment. (n.6).

De Leon's supervised release was revoked based not only on his failed drug tests but also on his admission that he used and possessed marijuana. We have recently held that when a defendant's violative conduct "include[s] more than failing a drug test," it is "unclear whether [the defendant] qualifies for the treatment exception under our existing case law." *United States v. Brooker*, 858 F.3d 983, 986 (5th Cir.), *cert. denied*, 138 S. Ct. 346 (2017). De Leon presents no binding precedent stating otherwise and concedes that he cannot show clear or obvious error to establish entitlement to relief on plain error review. *See Puckett*, 556 U.S. at 135; *Williams*, 847 F.3d at 254.

Accordingly, the judgment of the district court is AFFIRMED. The Government's motions for summary affirmance and, alternatively, for an extension of time to file an appellate brief are DENIED.