# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10146

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOHN CHRISTOPHER BADGETT,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas

Before OWEN, Chief Judge, and HIGGINBOTHAM and WILLETT, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Appellant John Christopher Badgett was sentenced to 48 months' imprisonment after he violated the terms of his supervised release. On appeal, he challenges the constitutionality of 18 U.S.C. § 3583(g), which mandates a term of imprisonment for any offender who violates certain conditions of supervised release relating to drugs and firearms. Badgett also contends that his revocation sentence is substantively unreasonable. Finding no error, we affirm.

No. 19-10146

## I.

In 2009, Badgett pleaded guilty in the District of Idaho to six counts of armed bank robbery.[1] He received six concurrent 108-month terms of imprisonment, with six concurrent five-year terms of supervised release to follow. Badgett was released from prison in 2015, and jurisdiction over his supervised release was transferred to the Northern District of Texas in 2016.

In July of 2018, the probation office reported that Badgett had violated the terms of his supervised release by (1) consuming alcohol in a motor vehicle, a state offense; (2) absconding to live in Alaska without the permission of his probation officer; and (3) failing to report for a mandatory drug test. The probation office calculated an advisory imprisonment range of five to eleven months on each of Badgett's six terms of supervised release,[2] though it noted the district court had discretion to impose up to three years each.[3] It also noted that incarceration for the drug-testing violation would be mandatory under 18 U.S.C. § 3583(g), which requires the district court to revoke supervised release and impose "a term of imprisonment" on any defendant who:

> (1) possesses a controlled substance . . . ;
> (2) possesses a firearm, as such term is defined in section 921 of this title, in violation of Federal law, or otherwise violates a condition of supervised release prohibiting the defendant from possessing a firearm;
> (3) refuses to comply with drug testing imposed as a condition of supervised release; or

---

[1] The Idaho proceeding consolidated three separate indictments from Idaho, California, and Wyoming, which together charged Badgett with robbing seven banks across six states in the fall of 2007. Badgett consented to transfer the California and Wyoming cases to Idaho, where he pleaded guilty to six charges of armed bank robbery in exchange for the dismissal of three other counts. The District of Idaho sentenced Badgett on all six counts and issued a single written judgment of conviction.

[2] *See* U.S.S.G. § 7B1.4(a).

[3] *See* 18 U.S.C. § 3583(e)(3) (providing a maximum revocation sentence of three years "if the offense that resulted in the term of supervised release is . . . a class B felony," a category that includes armed bank robbery).

No. 19-10146

(4) as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year.[4]

Pursuant to the probation office's report, the Government moved to revoke Badgett's supervised release. At a revocation hearing on January 31, 2019, the district court advised Badgett that if he pleaded true to the violations, his supervised release would be revoked and he would be reincarcerated. After affirming that he understood the consequences of his plea, Badgett "admit[ted] the truthfulness of each of the allegations" against him. The district court sentenced Badgett to eight months on each term of supervised release—the middle of his five-to-eleven-month Guidelines range. The sentences were to run consecutively, for a total of 48 months' imprisonment. The court did not order any additional terms of supervision.

Badgett now appeals his revocation sentence on two grounds. First, he contends that 18 U.S.C. § 3583(g)'s mandatory-imprisonment provision is unconstitutional under the Supreme Court's decision in *United States v. Haymond*.[5] Second, Badgett argues that his sentence is substantively unreasonable "because it was greater than necessary to achieve the purposes of sentencing."

## II.

### A.

Because Badgett raises his constitutional challenge for the first time on appeal, our review is for plain error.[6] Under the four-prong framework of plain-error review, Badgett must demonstrate (1) an error (2) that is "clear or obvious" and that (3) "affected [his] substantial rights."[7] If the first three prongs are satisfied, we may exercise our discretion to correct the error only if

---

[4] *Id.* § 3583(g)(1)–(4).

[5] 139 S. Ct. 2369 (2019).

[6] *United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017) (When an objection is "admittedly unpreserved, we review for plain error.").

[7] *Puckett v. United States*, 556 U.S. 129, 135 (2009).

3

No. 19-10146

it (4) "seriously affects the fairness, integrity or public reputation of judicial proceedings."[8]

**B.**

Badgett contends that the district court committed plain error by sentencing him under an unconstitutional statute. In his view, 18 U.S.C. § 3583(g)—the provision that required the district court to impose a term of imprisonment upon finding that he failed to comply with mandatory drug testing—violates the Fifth and Sixth Amendments by "failing to afford [the defendant] the right to a jury trial to determine the truth of the allegations against him." This argument relies on *United States v. Haymond*, a 2019 decision in which the Supreme Court struck down 18 U.S.C. § 3583(k), a separate provision of the federal supervised-release statute that imposed a five-year minimum sentence on convicted sex offenders who committed certain specified sex offenses while on supervised release.[9]

Five Justices agreed that § 3583(k) was unconstitutional.[10] Because only three joined Justice Gorsuch's plurality opinion, however, Justice Breyer's narrower concurrence controls.[11] Justice Breyer emphasized that revocation "is typically understood as 'part of the penalty for the initial offense'"—and

---

[8] *Id.* (internal alterations omitted) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

[9] 139 S. Ct. at 2373 (plurality opinion). The relevant portion of § 3583(k) provided:
If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment . . . not less than 5 years.

[10] Although *Haymond* had not been decided at the time of Badgett's revocation proceeding, relief is not automatically barred since "newly announced rules" apply to cases pending on direct appeal. *United States v. Knowles*, 29 F.3d 947, 951 (5th Cir. 1994) (citing *Griffith v. Kentucky*, 479 U.S. 314 (1987)).

[11] *See Marks v. United States*, 430 U.S. 188, 193 (1977) ("When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." (internal quotation marks omitted)).

therefore not subject to the Sixth Amendment's jury-trial right.[12] However, three features of this particular provision, "considered in combination," led him "to think it is less like ordinary revocation and more like punishment for a new offense, to which the jury right would typically attach"[13]:

> *First*, § 3583(k) applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute. *Second*, § 3583(k) takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long. *Third*, § 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of "not less than 5 years" upon a judge's finding that a defendant has "commit[ted] any" listed "criminal offense."[14]

Badgett contends that § 3583(g) is unconstitutional under *Haymond* because it shares two of § 3583(k)'s problematic features: It applies only when a defendant engages in certain specified behaviors, such as failing to comply with mandatory drug testing, and it removes the district court's discretion to determine whether a term of imprisonment is appropriate. Even assuming these analogies are apt[15] and disregarding the *Haymond* plurality's explicit refusal to "express a view on . . . § 3583(g),"[16] Badgett's argument is unavailing. As we have repeatedly observed, "[b]ecause there currently is no caselaw from either the Supreme Court or this court extending *Haymond* to § 3583(g)

---

[12] *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring in the judgment) (quoting *Johnson v. United States*, 529 U.S. 694, 700 (2000)).

[13] *Id.*

[14] *Id.*

[15] Because we review only for plain error, we need not decide the merits of Badgett's argument for extending *Haymond*. We note, however, that unlike the offenses specified by § 3583(k), the four drug- and firearms-related violations that trigger § 3583(g) are not "a discrete set of federal criminal offenses." *Id.* Rather, as the Government explained, § 3583(g) "lists behaviors that the court expects former prisoners to avoid during supervision, some of which cover noncriminal conduct." Besides, even under the reading most favorable to Badgett, § 3583(g) shares only two of the three features identified by Justice Breyer as problematic *in conjunction*.

[16] *Id.* at 2382 n.7 (plurality opinion).

revocations," the district court could not have committed any "clear or obvious" error in applying the statute.[17]

## III.

### A.

Badgett next contends that his 48-month revocation sentence is substantively unreasonable. Because Badgett preserved this objection by raising it in the district court, we review "for an abuse of discretion, examining the totality of the circumstances."[18] A revocation "sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."[19] A revocation sentence "within the bounds of the [defendant's] Guideline range . . . is presumptively reasonable."[20]

### B.

Badgett fails to identify any objective error in the district court's within-Guidelines revocation sentence. He argues only that the court should have

---

[17] *United States v. Rendon*, No. 19-10653, 2020 WL 1230310, at *1 (5th Cir. Mar. 12, 2020) (unpublished) (per curiam); *see United States v. Woods*, 793 F. App'x 340, 340–41(5th Cir. 2020) (unpublished) (per curiam); *United States v. Carvajal*, 792 F. App'x 351, 352 (5th Cir. 2020) (unpublished) (per curiam); *United States v. Chandler*, 789 F. App'x 492, 493 (5th Cir. 2020) (unpublished) (per curiam). We further note that because Badgett pleaded true to the supervised-release violations, he could not satisfy the third prong of plain-error review—which requires a showing that the alleged error "affected the outcome of the district court proceedings"—much less the fourth, even if there were a clear error. *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005) (quoting *Olano*, 507 U.S. at 734).

[18] *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

[19] *Id.* (internal quotation marks omitted) (quoting *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007)).

[20] *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Badgett claims that his 48-month aggregate sentence is "more than four times the top of the advisory guideline range of 5–11 months." Not so. Where the district court exercises its discretion to impose consecutive revocation sentences and each "sentence falls within the advisory range and is consistent with the Guidelines' policy regarding consecutive sentences," the aggregate sentence "is entitled to a presumption of reasonableness." *United States v. Martinez*, 676 F. App'x 354, 355 (5th Cir. 2017) (unpublished) (per curiam); *see United States v. Candia*, 454 F.3d 468, 471 (5th Cir. 2006).

weighed the sentencing factors more favorably because his violation "essentially involved . . . living in the wilderness of Alaska, where he worked hard building cabins and structures and . . . did not commit any new offenses." A defendant's mere disagreement with the district court's presumptively reasonable sentence "is not a sufficient ground for reversal."[21] Moreover, the record reflects that the district court carefully considered Badgett's arguments for leniency, even putting aside its original intention "to sentence him to . . . a total of 72 months" after hearing of his efforts in Alaska.

## IV.

For the foregoing reasons, the revocation of Badgett's terms of supervised release and the revocation sentences imposed by the district court are affirmed.

---

[21] *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016); *see also United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017) (explaining that this Court will not "reweigh the sentencing factors and substitute our judgment for that of the district court").