# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10916
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Brithany Rodriguez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-149-1

---

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

In 2020, Brithany Rodriguez pleaded guilty of conspiracy to transport illegal aliens, in violation of 8 U.S.C. § 1324(a)(1), and was sentenced to 12 months and one day of imprisonment, followed by three years of supervised release ("SR"). In July 2022, her probation officer filed a petition to revoke, alleging that she had violated her conditions of SR by (1) committing a new state crime, (2) possessing and using cocaine, (3) failing to attend outpatient

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

substance abuse treatment, (4) failing to attend mental health treatment, (5) failing to submit to substance abuse testing, (6) being expelled from a residential reentry center for failure to submit to substance abuse testing, and (7) failing to enroll in a GED program. As to the first allegation, the probation officer claimed that Rodriguez had physically assaulted her boyfriend, Aldo Martinez.

At the revocation hearing, Rodriguez pleaded true to allegations 2 through 7 but contested the first allegation. Despite being served with a subpoena, Martinez did not appear to testify. Instead, the government introduced the testimony of the two police officers who responded to the assault call, as well as their body camera videos, the police report, Martinez's sworn affidavit, and photographs showing scratches on Martinez's face. The district court overruled Rodriguez's objection to the admission of Martinez's out-of-court statements without confrontation, found that Rodriguez committed an assault as alleged, revoked SR, and sentenced her to 18 months of imprisonment, with no additional term of SR. Rodriguez appeals.

First, Rodriguez challenges the admission of Martinez's recorded statements, urging that the district court lacked good cause to deny her right to confront him and that his statements were unreliable. We review this claim "de novo, subject to harmless error analysis." *United States v. Jimison*, 825 F.3d 260, 262 (5th Cir. 2016). Here, any error in admitting Martinez's statements without confrontation was harmless because it did not affect Rodriguez's substantial rights. *See id.*; *see also Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016); *United States v. Carrillo*, 660 F.3d 914, 927 (5th Cir. 2011). Revocation of Rodriguez's SR was mandatory because she admitted that she possessed a controlled substance, refused to comply with drug testing, and had more than three positive drug tests in one year. *See* 18 U.S.C. § 3583(g)(1), (3), (4). The assault charge, on the other hand, did not mandate revocation and did not change the grade of Rodriguez's violations or her sug-

gested imprisonment range. *See* § 3583(g); U.S.S.G. § 7B1.1(a), p.s.; U.S.S.G. § 7B1.4(a), p.s. Accordingly, the admission of Martinez's statements did not affect the outcome of the proceeding. *See Molina-Martinez*, 578 U.S. at 194; *United States v. Minnitt*, 617 F.3d 327, 335 (5th Cir. 2010). To the extent the admission of Martinez's statements affected the length of the sentence, "[a] revocation defendant's due process right to confrontation does not apply in connection with the length of any resulting sentence." *United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017).

Rodriguez contends that the sentence was plainly unreasonable because it considered an improper factor: the need to promote respect for the law. *See* 18 U.S.C. § 3553(a)(2)(A); § 3583(e)(3); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). The district court relied on appropriate § 3553(a) factors in determining that the sentence was warranted, as it addressed the nature and circumstances of Rodriguez's violations; her history and characteristics, including her repeated history of failing to comply with her conditions of SR; and the need to deter future criminal activity and protect the public. *See* § 3553(a); *Warren*, 720 F.3d at 333; *see also United States v. Cano*, 981 F.3d 422, 426 (5th Cir. 2020). Despite a brief mention of the need to promote respect for the law, the court's reasons did not rely on this improper factor, and the record does not reflect that the need to promote respect for the law was a dominant factor in the decision. *See United States v. Foley*, 946 F.3d 681, 687–88 (5th Cir. 2020).

The judgment is AFFIRMED.