# United States Court of Appeals for the Fifth Circuit

---

No. 22-50752
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Eric Hernandez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-197-1

---

Before Stewart, Dennis, and Willett, *Circuit Judges*.

Per Curiam:[*]

Eric Hernandez appeals the 24-month sentence imposed upon revocation of his supervised release. He argues that his due process rights were violated when the district court revoked his supervised release and based his revocation sentence on abandoned, unproved allegations in the petitions to revoke.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Inasmuch as Hernandez contends that the revocation of his supervised release was error, the argument is meritless. As Hernandez concedes, he pleaded true to the charged supervised release violation based on his new felon-in-possession offense. The district court thus did not abuse its discretion in revoking his release. *See United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005); 18 U.S.C. § 3583(e)(3). To the extent that Hernandez contends that the district court violated his due process rights by varying upwardly from the guidelines range to impose the statutory maximum sentence without full disclosure of the evidence against him and the opportunity to cross-examine adverse witnesses, the argument is unavailing as his challenge to his sentence does not implicate any due process concerns. *See United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017).

Hernandez argues that the revocation sentence is substantively unreasonable, urging that the district court erroneously varied upwardly to the statutory maximum sentence based on impermissible factors, the charged supervised release violations which the Government abandoned at revocation. The record demonstrates that the district court explicitly considered the advisory guidelines range but balanced that against the nature and circumstances of Hernandez's supervised release violation and his history and characteristics and found that the guidelines range was inappropriate. The district court ultimately concluded that the 24-month, above-guidelines sentence was necessary to provide adequate deterrence and to protect the public from future crimes—factors that were appropriate for the district court to consider in imposing the revocation sentence and which this court will not reweigh. *See Gall v. United States*, 552 U.S. 38, 51 (2007); § 3583(e); 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C). Hernandez's assertion to the contrary notwithstanding, the court never referenced an impermissible factor. *See* § 3553(a)(2)(A); *cf. United States v. Miller*, 634 F.3d 841, 842, 844 (5th Cir. 2011). Moreover, the extent of the upward variance,

from a range of four to 10 months to a sentence of 24 months, does not constitute an abuse of discretion as this court has routinely upheld larger variances, even where the sentence is the statutory maximum. *See*, *e.g.*, *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *United States v. Kippers*, 685 F.3d 491, 500-01 (5th Cir. 2012); *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009).

Hernandez has not shown that his revocation sentence is plainly unreasonable. *See Warren*, 720 F.3d at 326, 332; *Miller*, 634 F.3d at 843. Accordingly, the district court's judgment is AFFIRMED.