# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-60142
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
October 26, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Levi Orey,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CR-103-2

_____

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

The district court revoked Levi Orey's supervised release and sentenced him to 12 months and one day of imprisonment. He contends the court erred in concluding he violated the terms of his supervised release when he committed the crimes of disorderly conduct and possession of a controlled substance.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60142

Our court reviews the decision to revoke supervised release for abuse of discretion. *E.g.*, *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). A district court does not do so if it finds by a preponderance of the evidence the defendant violated a condition of his release. *E.g.*, *id.*; *see also* 18 U.S.C. § 3583(e)(3) (outlining process for revoking supervised release). Our court "must view the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the government". *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994) (citation omitted).

Orey contends his refusal to exit a vehicle is not disorderly conduct under Mississippi law because he: did not intend to breach the peace and ultimately exited the vehicle voluntarily without incident. Under Mississippi law, a person is guilty of disorderly conduct if he fails or refuses to promptly comply with a lawful order "with intent to provoke a breach of the peace, or under such circumstances as may lead to a breach of the peace, or which may cause or occasion a breach of the peace". Miss. Code Ann. § 97-35-7(1). Despite Orey's assertions, a specific intent to breach the peace is not required. *E.g.*, *S.M.K.S. v. Youth Ct. of Union Cnty.*, 155 So. 3d 747, 750 (Miss. 2015) (concluding defendant was lawfully arrested for disorderly conduct when he was arrested "under circumstances that could lead to a breach of the peace").

Orey also contends—for the first time in his reply brief—that his conduct did not violate the disorderly-conduct statute because: the officer's order was not given to avoid a breach of the peace; and the officer lacked the authority to arrest him. Orey, however, waived those contentions by failing to raise them in his opening brief. *E.g.*, *United States v. Fernandez*, 48 F.4th 405, 412 (5th Cir. 2022).

2

No. 23-60142

The record reflects Orey failed to comply with multiple commands from the officer to exit the vehicle.  Drawing all reasonable inferences from the evidence in the requisite light most favorable to the Government, the district court did not abuse its discretion in concluding Orey violated the terms of his supervised release by committing disorderly conduct.

Regarding his other challenge to the revocation of his supervised release, Orey asserts the evidence of illegal narcotics found in the vehicle during the traffic stop should have been suppressed because:  the stop was prolonged without reasonable suspicion; and the warrants for his arrest were invalid.  Because Orey did not raise this exclusionary-rule issue in district court, review is only for plain error.  *E.g.*, *United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017) (reviewing unpreserved issues for plain error).  The requisite clear or obvious error necessary to constitute plain error is lacking: the exclusionary rule does not apply to revocation proceedings absent a showing of police harassment, not applicable here.  *E.g.*, *United States v. Montez*, 952 F.2d 854, 857 (5th Cir. 1992).

AFFIRMED.