# United States Court of Appeals for the Fifth Circuit

_____

No. 22-10860

_____

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Oren Javentay Pichon,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-79-1

_____

Before Clement, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Defendant Oren Javentay Pichon pleaded guilty to one count of possession of a firearm by a convicted felon.  The district court upwardly departed from the guidelines imprisonment range and imposed the maximum sentence of 120 months.  On appeal, Pichon argues that the district court erroneously imposed an above-guidelines sentence and erred in accepting Pichon's guilty plea under 18 U.S.C. § 922(g)(1).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10860

We conclude that the district court's sentence was both procedurally and substantively reasonable, and that the district court's acceptance of Pichon's guilty plea under § 922(g)(1) was not plain error.

We accordingly affirm.

## I.

On January 3, 2022, Pichon was subject to a traffic stop, during which police officers found him in possession of a firearm. Because Pichon had prior felony convictions, as well as multiple outstanding warrants, he was arrested. On March 9, 2022, Pichon was indicted with one count of possession of a firearm by a convicted felon. Pichon pled guilty without a plea agreement. In his factual resume, Pichon stipulated that the firearm "traveled at some time from one state to another or from one country into the United States."

The presentence report noted that the offense involved a semiautomatic firearm with a high-capacity magazine, that the firearm was used in connection with another felony offense, and that Pichon possessed a total of three firearms—two of which were stolen property. Furthermore, the PSR stated that Pichon had five prior adult criminal convictions, as well as six pending charges in Texas state court. Some relevant offenses include Aggravated Assault with a Deadly Weapon—arising from allegations that Pichon fired into an apartment containing a woman and two children—and Discharge of Firearm in Certain Municipalities—arising from allegations that Pichon fired a weapon into the ceiling of his mother's apartment. The record notes that Pichon allegedly "stole, possessed, and used multiple firearms within a five-month period."

Accordingly, the advisory guidelines range was 84 to 105 months of imprisonment, and the statutory maximum sentence was 120 months of imprisonment. The district court ultimately concluded that based on its

consideration of the § 3553(a) sentencing factors and the Sentencing Guidelines, it upwardly departed from the advisory guidelines range. The court found its decision permissible under § 4A.1.3(a)(1) because Pichon's criminal history category "substantially underrepresent[ed] the seriousness of his criminal history and the likelihood that he [would] commit other crimes." Pichon timely appealed.

## II.

## A.

Pichon argues that the district court erroneously departed from the advisory guidelines range because it considered information that was insufficiently reliable and did not properly balance the § 3553(a) sentencing factors.

We employ a two-step process to assess the reasonableness of a sentence. *See Gall v. United States*, 552 U.S. 38, 46, 51 (2007) (procedural and substantive error test). First, our court must evaluate whether the sentencing court committed "significant procedural error, such as failing to consider the applicable factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016) (citations omitted) (cleaned up). If the decision is procedurally sound, we evaluate "the substantive reasonableness of the sentence." *Id.*

To determine whether a sentence was procedurally reasonable, we review the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of facts for clear error. *See United States v. Nguyen*, 854 F.3d 276, 280 (5th Cir. 2017). "A district court's reliance on a PSR is based on a finding of fact that the PSR's information contains indicia of reliability." *United States v. Peterson*, 977 F.3d 381, 396 (5th Cir. 2020).

On appeal, Pichon argues that the district court heavily relied on information related to the unadjudicated state court charges (all of which relate to incidents that occurred prior to the arrest) to make its above-guidelines sentence determination.  He notes that the information regarding Pichon's pending charges in the PSR consists of mere "allegations that a[re] not supported by sufficient indicia of reliability."  The Government argues that the PSR was sufficiently reliable and that Pichon had presented no rebuttal evidence to prove otherwise.

A district court may consider any information—including information derived from police reports concerning unadjudicated charges—so long as it "bears sufficient indicia of reliability to support its probable accuracy." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (per curiam) (holding facts obtained from police reports and from the PSR regarding unadjudicated crimes as sufficiently reliable).  This court has consistently held that a PSR "generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations."  *United States. v. Nava*, 624 F.3d 226, 230–31 (5th Cir. 2010); *Peterson*, 977 F.3d at 396–97 (holding that factual recitations from a PSR bear sufficient indicia of reliability).  And if such indicia exist, and if the defendant fails to otherwise refute the PSR's reliability, the district court may then "adopt the facts contained in a [PSR] without further inquiry."  *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007).

Here, the PSR's "Offense Conduct" section contains a detailed fact-intensive recitation of the law enforcement reports and investigations underlying Pichon's unadjudicated state court charges.  And Pichon has not shown that the information is "materially untrue, inaccurate or unreliable." *Peterson*, 977 F.3d at 396–97 (quoting *United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 2010)).  Thus, we find that the district court committed no

significant procedural error by considering Pichon's pending state court charges.

Next, we consider the substantive reasonableness of a sentence under an abuse of discretion standard. *See Gall*, 552 U.S. at 51. "When conducting this review, the court . . . take[s] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* To determine whether an upward departure from the guidelines range was reasonable, the court may "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors . . . justify the extent of the variance." *Id.* An upward departure is unreasonable when the court "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant . . . factor, or represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Pichon fails to demonstrate that his sentence was substantively unreasonable. He cites the sentencing transcript to show that his sentence was greater than necessary and that the district court appeared to have given undue weight to the pending state charges, but the sentencing transcript does not suggest this. The district court noted that it considered *all* the relevant balancing factors (including the Sentencing Guidelines and Pichon's factual resume), the facts and criminal history set forth in the PSR, and arguments from both sides in making the sentencing determination. There is no further indication that the district court abused its discretion by imposing the above-guidelines sentence. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

For these reasons, we find the district court's above-guidelines sentence to be both procedurally and substantively reasonable.

**B.**

Next, Pichon claims that the district court erroneously accepted his guilty plea under 18 U.S.C. § 922(g)(1). He presents three arguments to support his claim. First, Pichon argues that the court committed a Rule 11 error because § 922(g)(1) requires more than the firearm's past movement in interstate commerce. Second, he argues that § 922(g) exceeds Congress's enumerated powers under the Commerce Clause. And third, Pichon challenges the constitutionality of § 922(g)(1) under the Second Amendment, given the Court's recent decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). As Pichon concedes precedent forecloses the first two arguments and that the arguments were strictly made to preserve for further appeal, we need only address the last one.

We review the constitutionality of § 922(g)(1) de novo. *See United States v. Bailey*, 115 F.3d 1222, 1225 (5th Cir. 1997). Since Pichon raises this constitutional challenge for the first time on appeal, we review for plain error. *See United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017) (when an objection is "admittedly unpreserved, we review for plain error"). Therefore, Pichon must demonstrate a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). And if this showing is made, the court may only correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736 (1993).

Error is plain when it is "clear under current law." *Id.* at 734. "Even where the argument requires only extending authoritative precedent, the failure of the district court [to do so] cannot be plain error." *Wallace v. Mississippi*, 43 F.4th 482, 500 (5th Cir. 2022) (internal quotation marks

No. 22-10860

omitted). Accordingly, we have repeatedly held that the lack of binding precedent on § 922(g)(1) after *Bruen* precludes a finding of plain error. *See e.g.*, *United States v. Avila*, No. 22-50088, 2022 WL 17832287 (5th Cir. Dec. 21, 2022) (unpublished), *cert. denied*, 143 S. Ct. 2512 (2023); *United States v. Hickcox*, No. 22-50365, 2023 WL 3075054 (5th Cir. Apr. 25, 2023) (unpublished); *United States v. Garza*, No. 22-51021, 2023 WL 4044442 (5th Cir. June 15, 2023) (unpublished); *United States v. Smith*, No. 22-10795, 2023 WL 5814936 (5th Cir. Sept. 8, 2023) (unpublished).

For these reasons, we affirm.