# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2020

Lyle W. Cayce
Clerk

No. 19-50851

United States of America,

*Plaintiff—Appellee*,

*versus*

Nathan Darnell McDowell,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-119-1

Before Smith, Willett, and Duncan, *Circuit Judges*.

Jerry E. Smith, *Circuit Judge*:

The district judge revoked Nathan McDowell's supervised release ("SR") after finding he violated three conditions of his release by assaulting and robbing another with a firearm. Though he raised no objection at the revocation hearing, McDowell contends the district court erred in considering the victim's out-of-court statements without specifically finding good cause to contravene McDowell's right to confrontation. Because it's not clear that district courts must make that finding *sua sponte*, and because any such error would not have affected McDowell's substantial rights, we find no plain error and affirm.

No. 19-50851

## I.

In 2016, McDowell was sentenced to one year of imprisonment and three years of SR for distributing cocaine. Two years later, the government initiated revocation proceedings, alleging that McDowell had violated three conditions of SR by committing another crime, possessing a firearm, and associating with others engaged in criminal activity.

The government's allegations stemmed from an assault and robbery of which McDowell was accused. The victim called 911 for assistance minutes after the assault, reporting that he had been assaulted and robbed by McDowell, whom he knew personally, and two others he did not know. The victim told the 911 dispatcher that McDowell threatened him with a handgun, punched and kicked him, and robbed him. A few hours later, the victim went to the police station and made a formal report with the same allegations. A few days later, Detective Justin Caid followed up with the victim to interview him about the assault, and the victim again identified McDowell as his assailant.

At the revocation hearing, McDowell pleaded not true to the allegations. The victim did not testify, and no physical evidence was entered. The only evidence identifying McDowell as the victim's assailant was Caid's testimony.

Caid testified that he listened to the recording of the 911 call and that the victim identified McDowell, said that he and two others had assaulted and robbed him, and said that McDowell had a handgun. Caid also testified that the victim sounded "out of breath" and "stressed out" and told the 911 dispatcher he had fled the scene in fear that McDowell would return and shoot him.

Caid then relayed two other instances of the victim's telling his story. He testified that the victim came to the police department a few hours after

2

the assault and made the same allegations. Finally, Caid testified that a few days later he interviewed the victim at his home, where the victim again stated that McDowell assaulted him and had a handgun.

Although McDowell's counsel argued the victim's untested credibility rendered the evidence insufficient, no hearsay or due process objection to the testimony was ever raised. The district court accepted the testimony without comment and, based on it, found that McDowell had violated the conditions of SR and revoked it.

## II.

McDowell contends on appeal that the district court violated his due process rights by admitting hearsay testimony without making a specific finding of good cause to dispense with his right to confront the witness against him. Though the Confrontation Clause does not apply to revocation proceedings, "[b]ecause a person's liberty is at stake," defendants have a due process right "to confront and cross-examine adverse witnesses." *United States v. Grandlund*, 71 F.3d 507, 509–10 (5th Cir. 1995). "[U]nlike the Sixth Amendment's unconditional right to confront witnesses at trial," that right is qualified. *United States v. Jimison*, 825 F.3d 260, 263 (5th Cir. 2016). The district court may deny confrontation if it specifically finds good cause for doing so. *Id.*

In determining whether there is good cause, courts must balance the defendant's interest in confronting the particular witness against the government's interest in the matter. *Grandlund*, 71 F.3d at 510. When the court excuses confrontation, it "must specifically find good cause and must make the reasons for its finding part of the record." *United States v. Minnitt*, 617 F.3d 327, 333 (5th Cir. 2010). The district court made no such finding on

No. 19-50851

the record. It is based on that omission that McDowell appeals.

Because McDowell did not object in the district court, we review for plain error only. FED. R. CRIM. P. 52(b); *United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017). To establish plain error, McDowell must show "(1) an error or defect not affirmatively waived; (2) that is 'clear or obvious, rather than subject to reasonable dispute'; and (3) that affected his substantial rights." *United States v. Ponce-Flores*, 900 F.3d 215, 217 (5th Cir. 2018) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). If he can show all three, we should exercise our discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

For two reasons, the district court's failure to make a specific good-cause finding is not plain error. First, it is neither clear nor obvious that a court is required to make such a finding where the defendant makes no hearsay or confrontation objection. Though there is ample authority requiring an explicit good-cause finding, those cases differ from this one because there the respective defendants objected on confrontation grounds. *See, e.g. Jimison*, 825 F.3d at 262; *Minnitt*, 617 F.3d at 331; *Grandlund*, 71 F.3d at 509. McDowell concedes that he made neither a hearsay nor a due process objection. Instead, he maintains that pointing to the victim's untested credibility in closing argument was enough to place the issue before the district court. But that is both too general and too far removed from the testimony at issue to be construed as a relevant objection.[1]

There is no authority requiring a specific good-cause finding in the

---

[1] *Cf. United States v. Stanfield*, 360 F.3d 1346, 1360 (D.C. Cir. 2004) (finding a request to subpoena a hearsay declarant insufficiently specific to count as an objection).

No. 19-50851

absence of an objection. On the contrary, the limited persuasive authority available indicates district courts are not required to make such a finding *sua sponte*.[2] Nor would it be sensible to require courts to do so. Absent an objection, the district court has no reason to know it should be balancing a defendant's confrontation interest against the government's interests. And the contrary rule could create a perverse incentive for defendants to withhold an objection specifically hoping the court might neglect to conduct a test it has not been notified it must do.

In any event, an error, to be plain, must be clear under current law. *Ponce-Flores*, 900 F.3d at 218. The absence of authority and contrary persuasive authority are enough to muddy the clarity required for an error to be plain. *Id.* at 218–19.

Second, because of the nature of the particular hearsay at issue, McDowell cannot show the district court's omission—were it a clear error—affected his substantial rights, i.e., "affected the outcome of the district court proceedings." *Puckett*, 556 U.S. at 135 (quoting *Olano*, 507 U.S. at 734). Had the court conducted a *sua sponte* balancing test, it could have found good cause to consider, at the very least, the 911 call without confrontation.

The Confrontation Clause entitles defendants to cross-examine out-of-court declarants only where their statements are testimonial. *See Crawford v. Washington*, 541 U.S. 36, 50–53 (2004). The due process right to confront witnesses in revocation proceedings is a qualified version of that right. Due Process's more limited requirements cannot exceed the bounds of the Sixth Amendment right. Therefore, there is no due process right to cross-examine

---

[2] *See, e.g.*, *United States v. Mendoza*, 414 F. App'x 714, 718 (5th Cir. 2011) (per curiam); *Stanfield*, 360 F.3d at 1359–60; *United States v. Pratt*, 52 F.3d 671, 677 n.4 (7th Cir. 1995); *United States v. Alaniz-Alaniz*, 38 F.3d 788, 791 (5th Cir. 1994).

nontestimonial declarants in revocation proceedings.

Statements made in response to an ongoing emergency on a 911 call are not testimonial. *Davis v. Washington*, 547 U.S. 813, 828–29 (2006); *United States v. Polidore*, 690 F.3d 705, 712 (5th Cir. 2012). The call to 911 identifying McDowell as the assailant was placed minutes after the assault. The victim sounded "out of breath" and "stressed out" and reported that he had "fled the scene in fear that McDowell would return and shoot him." Those statements are not akin to live testimony. *See Davis*, 547 U.S. at 828. Therefore, they do not trigger the requirements of the Confrontation Clause, let alone due process.

McDowell thus cannot show that even if the district court had conducted a *sua sponte* balancing, it would have found good cause to prohibit the use of the 911 call. Nor can he show that the 911 call on its own, without the follow-up police report or interview with Caid, would not have been enough to support the judge's finding that the allegation was true. Therefore, McDowell's substantial rights were not affected.

AFFIRMED.