# United States Court of Appeals for the Fifth Circuit

_____

No. 22-60633
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Dvonte Amir King,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-239-1

_____

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Dvonte Amir King has appealed the district court's judgment revoking his supervised release. After an evidentiary hearing, the district court found that King had violated conditions of his supervised release by committing law violations—domestic violence/creating fear and being a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60633

felon in possession of a firearm—and by failing to pay the special assessment and fine imposed in the court's original judgment.

"Defendants in supervised release revocation proceedings have a qualified right to confront witnesses." *United States v. Jimison*, 825 F.3d 260, 261 (5th Cir. 2016); *see also Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). King contends that the district court erred by denying his right to confront witnesses with respect to their out-of-court statements.

Ordinarily, this court's review of this question is de novo, subject to harmless error analysis. *See Jimison*, 825 F.3d at 262. To the extent that King failed to preserve error, our review is for plain error. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020). Under the plain error standard, King must show that the district court committed a clear and obvious error that affected his substantial rights, that is, that it affected the outcome of the proceedings. *See United States v. McDowell*, 973 F.3d 362, 365-66 (5th Cir. 2020). If such a showing is made, we have the discretion to reverse such errors if they seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Three categories of evidence are at issue: (1) out-of-court statements made during 911 emergency calls; (2) out-of-court statements made by the domestic-violence victim to police officers during their investigation; and (3) out-of-court statements of the victim's children that were recorded in a police officer's incident report.

"[T]here is no due process right to cross-examine nontestimonial declarants in revocation proceedings." *McDowell*, 973 F.3d at 366. Ordinarily, "[s]tatements made in response to an ongoing emergency on a 911 call are not testimonial." *Id.* "Therefore, they do not trigger the requirements of the Confrontation Clause, let alone due process." *Id.* at 367.

No. 22-60633

In this case, because the domestic-violence victim appeared as a witness at the revocation hearing and was subject to cross examination, the admission of her out-of-court statements did not violate King's right to due process. *See Morrissey*, 408 U.S. at 488-89.

The district court determined that the safety and well-being of the children provided good cause for pretermitting confrontation. *See Jimison*, 825 F.3d at 263; *see also United States v. Alvear*, 959 F.3d 185, 190 (5th Cir. 2020). Any error in admitting the out-of-court statements of the children was harmless because there was ample other evidence supporting the district court's finding that King had violated a condition of his supervised release by committing the law violations. *See Jimison*, 825 F.3d at 262.

King contends that the district court erred in finding that he violated conditions of his supervised release by failing to pay the special assessment and fine imposed in the original criminal judgment. King asserts that his failure to pay was not willful. *See Bearden v. Georgia*, 461 U.S. 660, 672-73 (1983); *see also United States v. Payan*, 992 F.2d 1387, 1396 (5th Cir. 1993). We do not reach this contention because any such error was harmless in light of the district court's finding that King violated conditions of his supervised release by committing law violations. *See United States v. McCormick*, 54 F.3d 214, 219 n.3 (5th Cir. 1995). The judgment is AFFIRMED.