# United States Court of Appeals for the Fifth Circuit

---

No. 23-50028
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 21, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SONIA RENEE HERNANDEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:18-CR-472-1

---

Before JOLLY, ENGELHARDT, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Sonia Renee Hernandez, federal prisoner # 76187-380, pleaded guilty to transportation of illegal aliens for financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(1). Hernandez's supervised release commenced on February 28, 2020. The probation officer alleged that Hernandez violated the terms of her release by committing another crime, driving while

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

intoxicated with a child passenger.  The district court found that there was ample evidence that Hernandez violated the terms of her supervised release, revoked her supervised release, and sentenced her to 18 months in prison.

Hernandez first argues that the district court violated her due process right to confront the witnesses against her, insofar as it allowed the probation officer to give hearsay testimony about the contents of the arresting police officer's report without a showing of good cause.  "Defendants in supervised release revocation proceedings have a qualified right to confront witnesses." *United States v. Jimison*, 825 F.3d 260, 261 (5th Cir. 2016).  While Hernandez argues that she preserved error by the arguments made after the close of evidence, closing argument that is general and far removed from the relevant testimony cannot be construed as a relevant objection.  *See United States v. McDowell,* 973 F.3d 362, 366 (5th Cir. 2020).

Unpreserved errors are subject to plain error review.  *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764 (2020).  Under the plain error standard, Hernandez must show that the district court committed a clear and obvious error that affected her substantial rights, that is, that it affected the outcome of the proceedings.  *See McDowell,* 973 F.3d at 365-66; *Puckett v. United States*, 556 U.S. 129, 135 (2009).  She has not shown a clear or obvious error.  *See McDowell*, 973 F.3d at 366 ("There is no authority requiring a specific good-cause finding in the absence of an objection.").

Hernandez also argues that the evidence was insufficient to support the district court's decision to revoke her supervised release.  In reviewing challenges to the sufficiency of the evidence in revocation hearings, we "view the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the government."  *United States v. Alaniz-Alaniz*, 38 F.3d 788, 792 (5th Cir. 1994) (internal quotation marks and citation omitted); *see United States v. Teran,* 98 F.3d 831, 835-36 (5th Cir.

1996) (holding that regardless of acquittal by a jury, revocation court had sufficient evidence to support a finding of a violation). The probation officer's testimony regarding the police officer's arrest report was corroborated by Hernandez's testimony as to the circumstances of her arrest. When viewed in the light most favorable to the Government, this evidence was sufficient to support the district court's conclusion that there was ample evidence to show that Hernandez had committed the criminal offense of driving while intoxicated with a child passenger and had violated the terms of her supervised release.

AFFIRMED.