# United States Court of Appeals for the Fifth Circuit

———————

No. 23-30612
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Brien T. Hills,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-123-1

———————————————————

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Brien T. Hills appeals the revocation of his supervised release. He argues that the district court erred in denying him his right to confront and cross-examine adverse witnesses without making a specific finding of good cause, specifically regarding hearsay testimony on the actions of his previous probation officers, the drug test reports from the laboratory and

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

correspondence from the laboratory employees, his domestic abuse arrest, and statements from the employees of the domestic abuse treatment center. "Defendants in supervised release revocation proceedings have a qualified right to confront witnesses." *United States v. Jimison*, 825 F.3d 260, 261 (5th Cir. 2016). Hills failed to preserve error, as his objection to hearsay was not "sufficiently specific to alert the district court to the nature of the alleged error." *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

Unpreserved errors are subject to plain error review. *Holguin-Hernandez v. United States*, 589 U.S. 169, 171 (2020). Under the plain error standard, Hills must show, inter alia, that the district court committed a clear and obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. McDowell*, 973 F.3d 362, 365-66 (5th Cir. 2020). He has not shown a clear or obvious error. *See McDowell*, 973 F.3d at 366 ("There is no authority requiring a specific good-cause finding in the absence of an objection.").

In any event, even if the district court committed a clear or obvious error by failing to make good-cause findings, Hills cannot show that such error affected his substantial rights, *see id.* at 365-66, that is, "'a reasonable probability that, but for the error, the outcome of the proceeding would have been different,'" *United States v. Mims*, 992 F.3d 406, 409 (5th Cir. 2021) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)). The other, nonchallenged evidence in the record is adequate to prove by the applicable preponderance-of-the-evidence standard that Hills committed a Grade B violation. *See* U.S.S.G. § 7B1.1(a)(2); *see also United States v. Minnitt*, 617 F.3d 327, 335-36 (5th Cir. 2010) ("All that is required for the revocation of supervised release is enough evidence to satisfy the district judge that the conduct of the petitioner has not met the conditions of supervised release." (internal quotation marks and citation omitted)).

No. 23-30612

Lastly, to the extent that Hills argues that the district court was erroneously influenced by hearsay evidence, specifically testimony about his domestic abuse arrest and lack of attendance at authorized domestic abuse classes, in determining his sentence, his argument is unavailing. *See United States v. Williams*, 847 F.3d 251, 254 (5th Cir. 2017) ("A revocation defendant's due process right to confrontation does not apply in connection with the length of any resulting prison sentence.").

AFFIRMED.