# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10944
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gregory P. Damm,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-4-1

————————————————————

Before Barksdale, Haynes, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Gregory P. Damm challenges the revocation of his supervised release, contending: the district court violated his right to confrontation as conferred by the Fifth Amendment's Due Process Clause and Federal Rule of Criminal Procedure 32.1(b)(2)(C); and the evidence was insufficient to support the revocation. *See* 18 U.S.C. § 3583(e)(3) (permitting revocation).

——————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Because Damm did not object on confrontation grounds in district court, review is only for plain error (as he also concedes). *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Damm must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

A district court may deny the right of confrontation in a supervised-release proceeding for "good cause". *United States v. Grandlund*, 71 F.3d 507, 510 (5th Cir. 1995). To find "good cause", courts "must employ a balancing test which weighs the defendant's interest in the confrontation of a particular witness against the government's interest in the matter". *Id.* The court did not determine whether "good cause" existed because Damm did not object. Because "it is neither clear nor obvious that a court is required to make [a good-cause] finding where the defendant makes no hearsay or confrontation objection", Damm does not show the requisite clear-or-obvious error. *United States v. McDowell*, 973 F.3d 362, 365–66 (5th Cir. 2020).

Regarding Damm's other claim—that the Government failed to introduce sufficient evidence to prove the violations alleged in the revocation petition—a decision to revoke supervised release is proper when the Government proves, by a preponderance of the evidence, that defendant violated a condition of his release. 18 U.S.C. § 3583(e)(3); *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010). Our court views "the evidence and all reasonable inferences that may be drawn from the evidence in a light most favorable to the government". *United States v. Alaniz-Alaniz*, 38 F.3d

788, 792 (5th Cir. 1994) (citation omitted).  "The evidence is sufficient if a reasonable trier of fact could reach the conclusion being challenged."  *Id.*

Paragraph I of the revocation petition asserted Damm violated the conditions requiring him to:  truthfully answer questions from his probation officer; and live at a place approved by that officer.  Damm does not contest that officer's testimony that Damm left an approved residence for an unapproved residence.  *See Minnitt*, 617 F.3d at 332 (stating preponderance-of-evidence standard).

In addition, the evidence was also sufficient to show Damm violated Paragraph II of the revocation petition, which asserted he violated the condition requiring him to, within three business days of changing residence, appear in person in at least one jurisdiction and inform the jurisdiction of the change.  It is uncontested that he failed to appear in person to notify authorities in either Hutchins or Fort Worth, Texas.  A reasonable trier of fact could determine, based on a preponderance of the evidence, that Damm violated the condition.  *See id.*

As there is an adequate basis for the district court's discretionary action of revoking supervised release, we need not decide Damm's claims of error regarding other grounds for revocation.  *United States v. Turner*, 741 F.2d 696, 698 (5th Cir. 1984) (discussing probation revocation); *see also United States v. McCormick*, 54 F.3d 214, 219 & n.3 (5th Cir. 1995) (applying *Turner* to revocation of supervised release).

AFFIRMED.