# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-30898
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Clyde O. Spates,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-207-3

———————————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Clyde Spates challenges the revocation of his supervised release, contending that the district court violated his right to confrontation as conferred by the Fifth Amendment's Due Process Clause and Federal Rule of Criminal Procedure 32.1(b)(2)(C). But Spates did not object on

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

confrontation grounds in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Spates must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings". *Id.* (citation omitted).

A district court may deny the right of confrontation in a supervised-release proceeding for "good cause". *United States v. Grandlund*, 71 F.3d 507, 510 (5th Cir. 1995). To find "good cause[,] . . . courts must employ a balancing test which weighs the defendant's interest in the confrontation of a particular witness against the government's interest in the matter". *Id.*

The court, however, did not determine whether "good cause" existed because Spates did not object on that basis. A district court's not making a good-cause finding is not clear-or-obvious error where defendant fails to make a proper confrontation objection. *See United States v. McDowell*, 973 F.3d 362, 366 (5th Cir. 2020) ("There is no authority requiring a specific good-cause finding in the absence of an objection."); Fed. R. Crim. P. 32.1(b)(1)(B)(iii) (requiring defendants be given an opportunity to question adverse witnesses only "upon request"). Spates has not shown the requisite plain error.

AFFIRMED.