# United States Court of Appeals for the Fifth Circuit

———————

No. 24-50234
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER DOBEK,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-170-1

———————————————————

Before JOLLY, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Christopher Dobek appeals the revocation of supervised release upon the district court's finding that he violated three conditions of his supervised release by using controlled substances, possessing controlled substances, and failing to submit to drug testing. Relying on *United States v. Grandlund*, 71 F.3d 507 (5th Cir. 1995), *opinion clarified*, 77 F.3d 811 (5th Cir. 1996), he

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50234

contends that the district court erred by admitting the result of a drug test in violation of his right to confront adverse witnesses. He asserts that (1) he was entitled to advanced notice of the lab report, documentation of the chain of custody, and an affidavit from a responsible lab employee; (2) such documents should have been made part of the record; and (3) the district court was required to make a finding of good cause for denying his right to confront the relevant witnesses. According to Dobek, such good cause was lacking because his testimony suggested that the result was a false positive.

The Government asserts that Dobek waived his *Grandlund* objection by informing the district court that he had no objection to the lab report. We do not reach that issue because, even if Dobek is correct that he merely forfeited the objection, he fails to satisfy the applicable plain error standard.[*] *See United States v. McDowell*, 973 F.3d 362, 364-65 (5th Cir. 2020). Under that standard, he must show that the error affected his substantial rights, among other things. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Dobek asserts that the purported *Grandlund* errors affected his substantial rights because the revocation was based solely on the positive test result. However, he entered a plea of true to the allegation that he violated a condition of his supervised release by using controlled substances, which was sufficient to support the revocation. *See* 18 U.S.C. § 3583(e)(3). He thus fails to show that his substantial rights were affected and fails to show plain error. *See Puckett*, 556 U.S. at 135; *see also United States v. Turner*, 741 F.2d 696, 698 (5th Cir. 1984); *United States v. McCormick*, 54 F.3d 214, 219 & n.3 (5th Cir. 1995).

AFFIRMED

--------

[*] JUDGE OLDHAM would hold the error waived. *See United States v. Cabello*, 33 F.4th 281, 295–96 (5th Cir. 2022).