# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-60095
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SHREDEWRICK ANDERSON,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CR-70-2

———————————————————————

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Shredewrick Anderson appeals the district court's judgment revoking his supervised release and sentencing him to 20 months of imprisonment followed by 28 months of supervised release. On appeal, Anderson contends that the district court erred in finding that he violated the terms of his

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

supervised release by trafficking cocaine and that he was deprived of his right to confront witnesses at his revocation hearing.

Anderson first argues that the Government failed to present sufficient evidence demonstrating that he sold drugs to the confidential informant or that the drugs found in a certain residence belonged to him. We review a district court's decision to revoke supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). A district court does not abuse its discretion in revoking defendant's supervised release if a preponderance of the evidence satisfies the court that the defendant failed to comply with the conditions of supervised release. *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995).

Here there was significant evidence that Anderson sold cocaine to a confidential informant through a middleman from a residence linked to him. When this evidence is viewed in the light most favorable to the Government, a reasonable trier of fact could conclude that Anderson was trafficking a controlled substance. *See United States v. Alaniz-Alaniz*, 38 F.3d at 792. Accordingly, the district court did not abuse its discretion in determining that Anderson violated the terms of his supervise release.

Anderson also argues that his confrontation rights were violated. Because Anderson did not object on confrontation grounds before the district court, review is for plain error only. *See United States v. McDowell*, 973 F.3d 362, 365 (5th Cir. 2020).

A district court may deny the right of confrontation in a supervised-release proceeding for good cause. *United States v. Jimison*, 825 F.3d 260, 261-62 (5th Cir. 2016). However, "[w]hen the court excuses confrontation, it must specifically find good cause and must make the reasons for its finding part of the record." *McDowell*, 973 F.3d at 365 (internal quotation marks and citation omitted). Anderson fails to show any clear or obvious error because

No. 25-60095

"[a]bsent an objection, the district court has no reason to know it should be balancing a defendant's confrontation interest against the government's interests." *McDowell*, 973 F.3d at 366.

AFFIRMED.